375 P.2d 572

**Lamar L. LOWRY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and K & W Construction Company, Respondents.**

No. 7522.

Supreme Court of Arizona,

En Banc.

Oct. 31, 1962.

Goldenkoff & Crown, Phoenix, for petitioner.

Donald J. Morgan, Phoenix (Edward E. Davis, C. E. Singer, Jr., Lorin G. Shelley and Ben P. Marshall, Phoenix, of counsel), for respondent, Industrial Commission.

LOCKWOOD, Justice.

This is a review by certiorari of a decision of the Industrial Commission of Arizona which affirmed its several previous orders denying petitioner's application for rehearing.

On June 19, 1959, Lamar L. Lowry, the petitioner herein, injured his right arm and chest, and sustained three broken ribs in an accident arising out of and in the course of his employment as a carpenter with the K & W Construction Company. Petitioner, who spent about three weeks in the hospital after the accident, was under doctor's care until September 28, 1959, when he was finally released for light work. He duly filed his claim for compensation with the Industrial Commission and on March 2, 1960, an award was entered by the commission allowing him the sum of $538.31 for temporary total disability from June 20 through September 28, 1959. A further sum of $692.86 was awarded him for partial temporary disability from September 17, 1959, through February 5, 1960. On the latter date three doctors examined Lowry in group consultation and found no evidence of neurological deficits and no objective evidences of disability which would prevent him from following any form of ordinary work to which he had been accustomed to in the past. Thereafter no further compensation was allowed. The petitioner claims, however, that because of his injury, at no time since the accident has he been physically able to return to his usual employment.

After March 2, 1960, petitioner initiated a series of applications for rehearing on the grounds that (1) he continued to suffer a disability in his right arm and pain in his back and chest resulting from the accident and was unable to perform any work as a result thereof, and (2) that he had new and additional evidence to the effect that he was physically unable to return and perform any work whatsoever as a result of said injuries. He submitted medical reports of various doctors with his several petitions for rehearing. Each of

the petitions was denied without a hearing, and the commission determined that Lowry had failed to submit any new or additional evidence with any application to substantiate his claims.

■ This Court will only set aside the findings of the Commission where they are not supported by substantial evidence. Fendell v. Industrial Commission, 89 Ariz. 180, 359 P.2d 988 (1961). Petitioner maintained that he could not and did not return to his regular work after the accident. A mere showing by the petitioner that he has not returned to work is not proof of the fact that he cannot work because of a physical disability arising out of an industrial accident. Kelsey v. Industrial Commission, 79 Ariz. 191, 286 P.2d 195 (1955). There was medical evidence that petitioner's right arm was weak, but that such weakness was caused by his failure to get sufficient exercise through the type of work to which he was accustomed, and that if he would work he would recover much more rapidly.

■ If the result of an industrial accident is not one which is clearly apparent to a layman, such as the loss of limb or an external lesion, the physical condition of the injured employee after the accident and the causal relation of the accident to such condition usually can only be determined by expert medical testimony. Parnau v. Industrial Commission, 87 Ariz. 361, 351 P.2d 643 (1960). In the final medical report submitted to the Commission by a group consultation of four doctors the following conclusion was stated:

"After review of the file, including multiple reports submitted by numerous doctors, and physical examination today, the consultants are of the opinion that there is no objective evidence of new and additional disability attributable to the accident of June 19, 1959."

■ Petitioner alleged that there was evidence showing a possible connection between his current disability and the accident. This court has said that a mere possibility falls far short of the proof required to justify the commission in reopening and granting relief in a case. London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929 (1950). Dr. Hoffman did suggest in one report that there might be a possibility Lowry's complaints were related to his original injury. However, Hoffman was one of the four consulting doctors who later issued the report quoted above, thus discounting the suggestion which he made before a thorough review and examination of Lowry.

■ There was competent evidence to support the findings of the Commission. The award is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.