376 P.2d 769

Charles E. BOOKS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Arizona Mortuary, Incorporated, Respondents.

No. 7393.

Supreme Court of Arizona.

En Banc.

Dec. 5, 1962.

---

W. Edward Morgan, Tucson, for petitioner.

Laurence Davis, Phoenix, for respondent Industrial Commission; Donald J. Morgan, C. E. Singer, Jr., Lorin G. Shelley, Ben P. Marshall, Phoenix, of counsel.

UDALL, Vice Chief Justice.

Certiorari to review an award of the Industrial Commission dated July 18, 1961, wherein compensation was denied to the petitioner on the ground that his disability was not the result of an injury by accident arising out of and in the course of his employment.

■ The facts are that on or about the 6th of April, 1960, the petitioner handled a corpse in the course of his employment with the Arizona Mortuary, Inc., which employer was insured by the respondent Commission. The record shows that the corpse, which was the body of Robert R. Kiely, had died of homologous serum hepatitis. Some weeks later the petitioner began to feel ill. He slowly grew worse and was admitted to St. Mary's Hospital in Tucson on July 8, 1960. His illness was diagnosed as acute infectious hepatitis some five days after his hospitalization.

On August 8, 1960, the petitioner filed his claim with the Commission, and on August 24th an award was made denying all benefits to the petitioner. A rehearing was applied for and granted, the hearing date being set for January 26, 1961. On that date witnesses were sworn and testified and the case was continued to obtain additional testimony until April 10, 1961, at which

**304**

time the hearing was concluded. The Commission affirmed the prior award on July 18 1961.

Petitioner assigns as error (1) the finding by the Commission that the disease suffered by the petitioner was not the result of an injury by accident arising out of and in the course of petitioner's employment, and (2) that the Commission exceeded its jurisdiction by the denial of compensation benefits to the petitioner.

The Commission relies on two fundamental propositions of law in support of its final ruling of July 18, 1961. First, it contends that the petitioner had the burden of proof to establish the causal connection between the industrial injury and the subsequent disability, and second, that where evidence before the Commission is in conflict or different inferences can be drawn therefrom, the Commission's findings of fact will not be disturbed.

In support of the first proposition, respondent cites the case of Helmericks v. Airesearch Mfg. Co. of Arizona, 88 Ariz. 413, 357 P.2d 152 (1960), wherein we said:

"It must be remembered that the burden of proof is on the applicant to show affirmatively all of the material elements necessary to sustain an award, and that it is unnecessary for the Commission to disprove an asserted claim. Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699; Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311 * * *."

In reference to the second proposition of law: Where the evidence is in conflict or where different inferences may be drawn therefrom, the Commission's findings of fact will not be disturbed. The findings of the Industrial Commission must receive the same consideration as jury verdicts, and the petitioner must prove that upon no reasonable consideration of the evidence could the Commission have reached its conclusion. Helmericks v. Airesearch Mfg. Co. of Arizona, supra; Korff v. Charles Luke Construction Corporation, 69 Ariz. 312, 314, 213 P.2d 471.

The attending physician who treated the petitioner wrote a letter to the Commission on August 10, 1960, stating in effect that he did not know whether petitioner could have contracted hepatitis from the corpse. At the hearing on January 26, 1961, the following question was propounded to the physician and he made the following answer:

"Q In connection with Mr. Books' case, are the symptoms and the case history which Mr. Books has given you consistent with a hypothesis that Mr. Books contacted the infectious hepatitis in connection with his embalming the body of Robert R. Kiely, or embalming the body from which the deceased died from the condition of infectious hepatitis?

"A   I have read and have been unable, and talked to several pathologists, and have been unable to determine if infectious hepatitis can be transmitted in this manner and can find no evidence and no authority."

The same doctor later testified there was a tremendous increase of infectious hepatitis on a nationwide scale during the last year or two; that he felt that probably petitioner contracted hepatitis from handling the corpse but he admitted he could have developed the disease without ever having been near the cadaver.   He further said that he himself was far from an authority on the subject.   He also testified that he was unable to ascertain what caused the petitioner's hepatitis and he did not rule out the possibility of a chemical causation.

Dr. Ralph H. Fuller, a pathologist, testified that he had not examined either the petitioner or the cadaver and he admitted that hepatitis is commonly broken down into two major subdivisions: epidemic infectious hepatitis; and serum hepatitis, which rarely runs in epidemics.   He testified further that a pathologist was unable to distinguish the two or in fact to diagnose hepatitis at all.   He further asserted that what the pathologist finds in the body of the victim is acute yellow atrophy of the liver which could be caused by any of several viruses or by chemicals.   He concluded by saying that the only way one could positively ascertain whether a patient had infectious or serum hepatitis would be to do a viral study; that he was not a virologist and that there were no facilities for such a study in Arizona.

This Court said in Gronowski v. Industrial Commission, 81 Ariz. 363, 306 P.2d 285 (1957):

"* * * For us to dictate that the commission must find a fact, the evidence must be such that there is but one possible inference to be drawn therefrom."

See also Norris v. Industrial Commission 90 Utah 256, 61 P.2d 413 (1936).   The evidence in the case at bar does not admit to only one possible inference.

From this state of the record the Commission could reasonably conclude that petitioner did not carry his burden to prove a causal connection between the corpse and his illness.   Their decision must therefore stand in this Court.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.