381 P.2d 598

**Vernon BISHOP, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Swift Ford Sales, Respondents.**

**No. 7754.**

Supreme Court of Arizona.

In Division.

May 15, 1963.

Ingraham, Dennis & Jones, Yuma, for petitioner.

C. E. Singer, Jr., Phoenix, for respondent Industrial Commission; Donald J. Morgan, Lorin G. Shelley, Ben P. Marshall, and Robert D. Steckner, of counsel.

LOCKWOOD, Justice.

This is a review by certiorari of a decision of the Arizona Industrial Commission

which affirmed its previous order denying petitioner's application to reopen his claim.

On December 16, 1959, the petitioner, Vernon Bishop, sustained an injury arising out of and in the course of his employment with Swift Ford Sales at Yuma, Arizona, when he was struck on his back and lower ribs by a pry-bar which he had been using in attempting to remove the trailer hitch from a vehicle. During the sixteen months' period he had been employed regularly with Swift Ford Sales as a mechanic, he did not complain of pain. After the accident he attempted to return to work by doing light work at the plant for a period of two months, but could not actually work successfully, and constantly complained of pain.

He was initially examined on December 23, 1959, by Dr. Ellis Browning of Yuma, who made a finding of lumbosacral and sacroiliac strain with contusions of the lower ribs. Later petitioner was treated for his injuries and seen in consultation examination by Drs. Swenson, Lofdahl and Moore who on examination noted that petitioner had rheumatoid spondylitis of long standing. Conservative treatment was continued and petitioner was again examined in group consultation on February 20, 1961, by Drs. Hamer, Haines, Lofdahl and Edwards. These doctors determined that petitioner's condition was then stationary, that no further treatments or examinations were necessary, that his complaints of pain in the left lower rib area and lumbosacral spine were attributable to the patient's chronic rheumatoid arthritis and found that applicant could be discharged with no permanent disability attributable to the injury.

On March 3, 1961, the Arizona Industrial Commission entered its Findings and Award for Temporary Disability and therein stated that petitioner had sustained no permanent disability as a result of the accident and injury of December 16, 1959. A timely petition for rehearing was submitted upon which the Commission on March 21, 1961, issued its Order Denying Rehearing and Affirming Previous Findings and Award. No further action was taken by petitioner until January 22, 1962, when he made application to re-open his claim. This petition was denied on March 23, 1962, the Commission finding that the petitioner did not have any new, additional or previously undiscovered disability attributable to the injury and accident of December 16, 1959. A petition for rehearing followed and a formal hearing was held in Yuma, Arizona, on July 26, 1962. Petitioner's only supporting evidence was that of Dr. Browning. Dr. Browning testified that it was his opinion that the petitioner was totally disabled, and that the accident brought about a specific change in petitioner's pre-existing condition and made the arthritis much worse. However on cross-examination the following testimony was given:

"Q. Now, have you made any findings, medical findings, since that date? Let me put it this way: Have you made any medical findings since the 22nd day of January, 1962, which is the date that the applicant petitioned to re-open his case, which are different from that noted in the consultation report of February '61?

"A. No. His findings are the same. Pain in the same areas persisting; constantly increasing.

"Q. Are you saying in your opinion that as far back as the last examination, the last consultation examination, Mr. Bishop was totally disabled?

"A. In my opinion he was. * * *

"Q. Now, if I understand you, Doctor, there were no findings or there were no different findings upon your examination that would lead you to conclude differently than the consulting physicians? It is a matter of difference of opinion, is that correct, if I understand?

"A. Right."

After a review of the file and the testimony the commission entered its decision that the Findings and Award rendered on March 23, 1962, were sustained by the evidence and should be affirmed.

Petitioner on this appeal only makes one assignment of error, to-wit: the commission erred on the ground that there is neither reasonable nor substantial evidence in the record to sustain their decision.

■ We have repeatedly held that this court will only set aside the findings of the Industrial Commission where they are not supported by substantial evidence. Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962). In this case there was conflicting medical evidence as to petitioner's condition at the time the commission made its findings and award of temporary disability of the petitioner. However, after denial of a petition for rehearing thereon the petitioner failed to appeal within the period of time allowed by statute,[1] and the award became res judicata. Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958); Harambasic v. Barrett & Hilp & Macco Corp., 58 Ariz. 319, 119 P.2d 932 (1941).

■ Therefore our sole consideration at this time is to determine whether there was sufficient evidence in the record to substantiate the commission's findings on the petition to reopen that there was no new, additional or previously undiscovered disability attributable to petitioner's injury and acci-

1. A.R.S. § 23-951(A). "Within thirty days after an application for a rehearing is denied, or if the application is granted, within thirty days after rendition of the decision on a rehearing, any party affected thereby may apply to the supreme court for a writ of certiorari to review the lawfulness of the award."

dent on December 16, 1959. To resolve this issue we need only examine Dr. Browning's testimony (above quoted) wherein he stated that he had made no different findings from those which had been considered by the consulting physicians on February 20, 1961, prior to the first findings and award of the Commission. His only point was that he continued to differ from the conclusions of the other medical consultants. The evidence supported the commission's findings that there was no evidence of new, additional or previously undiscovered disability attributable to the injury.

Award affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.