385 P.2d 223

**Marcial V. RENTERIA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Reynolds Metals Company, Respondents.**

**No. 7737.**

Supreme Court of Arizona.

In Division.

Sept. 18, 1963.

Herbert B. Finn, Lawrence J. Sandell, Phoenix, for petitioner.

Snell & Wilmer, Phoenix, for respondent, Reynolds Metal Co.

C. E. Singer, Jr., Phoenix, for respondent, Industrial Commission of Arizona; Donald J. Morgan, Lorin G. Shelley, Ben P. Marshall, Laurence Davis, Phoenix, of counsel.

LOCKWOOD, Justice.

This is a certiorari proceeding to review an award of the Industrial Commission denying compensation. The award denied petitioner compensation for an injury to his back which he claimed arose out of an industrial accident on April 24, 1953.

Petitioner was employed by the Reynolds Metals Company as a laborer. While lifting a jackhammer onto a truck, he felt a pain across his lower back. Two days later, Dr. Ryerson, the company physician, examined petitioner and diagnosed his injury as a "strain of the back muscle." The Industrial Commission awarded petitioner accident benefits on July 1, 1953. No compensation was given, however, because petitioner was not disabled from work for more than seven days. The case was closed.

Almost nine years later, on February 27, 1962, petitioner attempted to reopen his claim before the Industrial Commission. He alleged he could no longer work because of an arthritic condition which was either caused or aggravated by the 1953 injury. The commission held a hearing on July 24, 1962, and, after examining the evidence, refused to reopen the case. Petitioner appealed.

The sole question before this court is the sufficiency of petitioner's evidence to show some causal connection between the 1953 injury and his present disability.

At the formal hearing before the commission on July 24, 1962, both Dr. Conner, the petitioner's witness, and Dr. Johnson, the employer's witness, testified that petitioner had degenerative arthritis. Both doctors agreed that such degenerative arthritis is generally associated with advancing age. But they stated in some cases the trauma of an accident may cause or accelerate such arthritis.

Between 1953 and 1962, petitioner suffered at least two non-industrial injuries to his back. Each was treated by the company physician and diagnosed as a "back sprain." One occurred in 1954 and the other in 1956. After more back trouble in 1960, petitioner could no longer perform his work and left the company. Two years later he petitioned the commission to reopen the 1953 case.

On the basis of x-rays taken of petitioner's back in 1962, Dr. Conner testified that the spaces between the first and the second lumbar vertebrae were not "well maintained," indicating some localized disc

damage due to trauma. A radiologist who examined the same x-rays disagreed. Even assuming that the x-rays revealed some localized damage, Dr. Conner went on to testify that such changes are consistent with degenerative arthritis. Going even further and assuming that the 1953 accident related to petitioner's arthritic condition, the following response by Dr. Conner during the hearing supports the position of the commission:

"Q. From this kind of a record and recognizing that you are unfamiliar with two or three other subsequent incidents, subsequent to the 1953 incident, is it possible for you to say that the 1953 incident probably caused the degenerative arthritis or probably hurried it, or would you instead have to say that it was possible that it caused or hurried it?

"A. I think since the line between possible and probable has been drawn, I think I would have to say possible."[1]

We have frequently stated we will not substitute our opinion for that of the commission where the commission has reasonably resolved a conflict in medical testimony. See, e. g., Bishop v. In-

dustrial Commission, 94 Ariz. 65, 381 P.2d 598 (1963); Books v. Industrial Commission, 92 Ariz. 302, 376 P.2d 769 (1962). Such a conflict exists in the present case and we will not disturb the findings of the commission.

Award affirmed.

UDALL, V. C. J., and JENNINGS, J., concur.

---

1. We call attention to a distinction between the instant case and Breidler v. Industrial Commission, 94 Ariz. 258, 383 P.2d 177 (1963). Each case concerned the use of the word "possible" by an expert witness during testimony. In the Breidler case, the petitioner did not have Bell's palsy prior to the accident and did have it afterward. But in the instant case, the petitioner was unable to show whether he had an arthritic condition prior to the 1953 accident.