392 P.2d 506

SOUTHWEST FOREST INDUSTRIES, INC., Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona et al., Respondents.

No. 8002.

Supreme Court of Arizona.

In Division.

May 27, 1964.

**92**

Stevenson, Babbitt, Warden & Smith, of Flagstaff, and John P. Collins, Tucson, for petitioner.

Elsing & Crable, Phoenix, for respondents.

UDALL, Chief Justice.

This case is before the Court on certiorari to review the findings and award of the Industrial Commission granting death benefits to the widow and minor children of the decedent, Guadalupe Velasco, and the subsequent order or affirmation upon rehearing. Petitioner, Southwest Forest Industries, Inc., is the former employer of the decedent who asks for a review of the lawfulness of the Commission's award.

The facts in this case are, for the most part, uncontroverted, regarding the circumstances leading up to the decedent's death. At the time of his death he was assigned the job of fireman's helper which involved keeping a continual flow of fuel into a boiler room of petitioner's plant by means of a system of conveyor belts. The fuel consisted of sawdust, sticks, bark and wood shavings, with pitch mixed in. At the time in question he was working alone, feeding fuel onto the conveyor from a large stockpile maintained behind a retaining wall. The fuel would not fall by itself and his job was to poke or prod the pile with a metal bar causing it to fall on the conveyor. His death was discovered when the conveyor belt stopped running and another employee tried to find the reason. He discovered decedent's bar jammed into the sprocket at the end of the belt he had been working on. The body was found about 15 minutes later buried under one to four feet of fuel with just his feet sticking out. His legs were across the conveyor and his face mask was still on.

There were no witnesses to this occurrence but upon rehearing of the matter the assistant foreman of the plant testified that he was called to the scene shortly after discovery of the body. His testimony indicated an intimate knowledge of this entire operation, the result of having worked in and around the boiler room and fuel pile for twenty-one years. In his opinion decedent had cut too fast into the fuel pile without knocking some off the side, forming a.

tunnel which the vibration of the conveyor caused to cave in on him. A similar accident occurred a month or so following decedent's, when a workman was buried under the fuel in a standing position. Co-workers dug him out unharmed but he was wearing an additional plastic face shield put into use shortly after decedent's death.

Dr. Charles W. Sechrist was called to the scene and observed Velasco's body after some of the fuel had been taken off of it. The body was taken to a mortuary where Dr. Sechrist performed an autopsy about an hour later at the request of the coroner. He completed a death certificate setting forth the cause of death as "ruptured heart due to asphyxiation," and the interval between onset and death as "instant." This physician was decedent's family doctor for twenty-five years and testified upon rehearing that in his opinion the heart attack, from which death resulted, was caused by decedent being buried under the fuel.

After the body was embalmed a second autopsy was performed by Dr. Albert O. Daniels whose report to the Commission expressed the opinion that. "death was due to, and only to, his coronary artery disease."

In addition, the record reveals that reports or testimony from four other physicians was considered by the Commission. Suffice it to say that three of the medical experts expressed opinions that the ruptured heart resulted from the accident, two felt it resulted solely from pre-existing coronary arteriosclerosis and one was non-committal.

■ The evidence clearly indicates that decedent experienced an accidental injury by being buried under the fuel, and that he was in the course of his employment when it happened. The issue for determination is whether the evidence is sufficient to prove such accident arose out of his employment; that is, was he buried alive and then had the heart attack or did he have the heart attack before being buried? The Commission obviously concluded he was buried alive, that this brought on the heart attack and therefore his death arose out of his employment. It is our province to determine if this conclusion was supported by substantial evidence. Bishop v. Industrial Commission, 94 Ariz. 65, 381 P.2d 598; Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572.

Petitioner contends respondents failed to prove that fuel fell on decedent while he was working, and the inference to be drawn from the facts presented is that decedent suffered a heart attack causing him to fall, and thereafter he was covered by the fuel.

■ The Workmen's Compensation Law was not intended to provide benefits only to those dependent survivors of deceased workmen who had the dubious good fortune to be killed on the job in the presence

of witnesses. Where no witnesses are present circumstantial evidence can be introduced to prove the existence of the accidental occurrence arising out of the employment. Martin v. Industrial Commission, 73 Ariz. 401, 242 P.2d 286.

The assistant foreman expressed his opinion that it appeared as if decedent had cut too fast into the fuel pile without knocking some off the side and it caved in on him. This is not contradicted by any other lay testimony. Three of the medical experts arrived at the same conclusion.

■ We have held that, " * * * where the facts permit two inferences to be drawn, the Industrial Commission is at liberty to choose either, and its conclusion will not be disturbed on review unless wholly unreasonable," Graver Tank & Mfg. Co. v. Industrial Commission, 96 Ariz. 34, 391 P.2d 589 (April 23, 1964); Muchmore v. Industrial Commission, 81 Ariz. 345, 306 P.2d 272. The Industrial Commission inferred from the above facts that the death arose out of decedent's employment. We believe this conclusion to be reasonable, supported by substantial evidence and, therefore, should be affirmed.

We have been confronted with the problem of conflict in medical evidence before, and have held that we will not substitute our opinion for that of the Commission where the Commission has reasonably resolved such a conflict. Renteria v. Industrial Commission, 94 Ariz. 348, 385 P.2d 223; Books v. Industrial Commission, 92 Ariz. 302, 376 P.2d 769. Such conflict having been so resolved by the Commission, it will not be disturbed by this Court.

Award affirmed.

STRUCKMEYER and BERNSTEIN, JJ., concur.