460 P.2d 677

**Anna W. LINN, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**State of Arizona—State Auditor (Arizona State Livestock Sanitary Board), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 285.**

Court of Appeals of Arizona, Division 1.

Department A.

Nov. 10, 1969.

Rehearing Denied Dec. 9, 1969.

Review Denied Jan. 6, 1970.

Favour & Quail, by Keith F. Quail, Prescott, for petitioner.

Donald L. Cross, Chief Counsel for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Donald L. Cross, Phoenix, for the Respondent Carrier State Compensation Fund.

STEVENS, Judge.

This is another "heart case". We use this term as a general term without specifying the medical aspects with particularity.

Mr. Linn was a cattle inspector. He had experienced some heart difficulties and his doctor advised minimal physical activity in the performance of his duties. On the day in question he was physically on the ground in a relatively small corral aiding in the separating of range cattle, some of which were to be inspected and shipped. He was helping the owner and a limited number of others. The corral was too small to permit the use of horses in the operation. This fact greatly increases the physical activity of the men who are working the cattle. There was eyewitness testimony as to his physical activity just prior to the time that he fell. Very shortly after he fell in the corral Mr. Linn died. No autopsy was performed. This claim is presented by his widow.

A hearing was held at which the lay witnesses and the attending physician testified. The attending physician who is a general practitioner and had cared for Mr. Linn for some time prior to the day in question testified that in his opinion there was a causal relationship between Mr. Linn's physical activities and his death.

Thereafter the file, including the prior testimony, was submitted to a Cardiovascular Board. We quote the report of the Board in part:

"On the day in question, the testimony does not reveal any unusual activity on the part of the deceased. Special note is taken of the fact that the day was hot and the corral was dusty but it is assumed that this type of exposure was frequent during the course of the deceased's activities.

\*     \*     \*     \*     \*     \*

"The Board is of the opinion that the file does not contain evidence that the death of the deceased resulted from his activity on the day of death."

A further formal hearing was held. The widow presented expert testimony. Based upon a hypothetical question the doctor expressed the opinion that Mr. Linn's physical activity bore a causal relationship to his death.

A member of the Cardiovascular Board testified. The record reflects some discussion as to "usual" and as to "unusual" physical activity. The answer which appears to us to be the key answer in relation to resolving the issue before us is the one wherein the doctor expressed the opinion that " \* \* \* there is no body of evidence in medical literature or knowledge that can connect physical activity with this type of death." The Industrial Commission found that Mr. Linn "did not sustain an injury by accident arising out of and in the course of his employment on September 5, 1966." The Industrial Commission denied death benefits to Mrs. Linn. It is these determinations which are before us for review.

"Heart cases" are difficult cases. The activity of the workman need not be "unusual" in relation to his employment or in relation to the manner of the performance of his employment. "Heart cases" are resolved based upon the medical testimony as to the causal relationship between the events and the "heart failure", another broad use of the term. Neece v. Industrial Commission, 7 Ariz.App. 376, 439 P.2d 539 (1968); Rutledge v. Industrial Commission, 9 Ariz.App. 316, 451 P.2d 894 (1969); and Brewer v. Industrial Commission, 9 Ariz. App. 319, 451 P.2d 897 (1969). In those claims wherein there is a conflict in the medical testimony The Industrial Commission has the responsibility of resolving the conflict. In this instance the conflict was resolved adversely to the interest of the widow. Our review of this claim discloses to us that the determination of The Industrial Commission was reasonably supported by the evidence.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.