466 P.2d 31

PIMA MINING COMPANY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Adalberto Scaff, Respondent Claimant.

No. I CA–IC 329.

Court of Appeals of Arizona, Division 1. Department A. March 10, 1970.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Miller, Pitt & Feldman, by Barry N. Akin, Tucson, for respondent claimant.

STEVENS, Judge.

The petition to review the award of The Industrial Commission was filed by Pima Mining Company referred to herein as Pima. Pima appears before this Court as a self-insured employer.

Two basic questions are presented for our decision. The first is whether Pima's request that the Court review the action of The Industrial Commission was premature by reason of a claimed failure on the part of Pima to first exhaust its administrative remedies before The Industrial Commission. The second is whether the evidence reasonably supports the award.

We do not deem it essential to set forth a detailed recitation of the evidence. The claimant-workman is the respondent-claimant before this Court and we will refer to him as Scaff. The critical date is 3 April 1967. Prior to that date Scaff had sustained a myocardial infarction. On 3 April 1967, while in the course of his duties with his employer, he was loading a piece of scrap weighing approximately 80 pounds, attempting to place the same in a pick-up truck. Due to Scaff's language difficulties, the exact circumstances of the accident were initially somewhat obscure. Initially it was the belief of those who examined him that while he was loading the scrap his foot slipped causing the scrap to hit him on the chest. It was later established that the scrap caught the side of the truck and that Scaff exerted an unusual effort to load the scrap. The loading procedure was accompanied by pain and other symptoms which accompanied a further myocardial infarction.

On 15 June 1967, the Commission held that Scaff "did not sustain an accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act." Timely administrative steps were taken and a formal hearing was held in two stages, the first stage on 29 November 1967 and the second on 2 August 1968. Thereafter the referee entered his report with findings favorable to Scaff, suggesting that the award reserve the matter of proof as to the average monthly wage and the loss of earning capacity. Pima strenuously objected to the referee's report. On 27 January 1969 the Commission entered its award of non-compensability with a 20-day clause.

This was promptly followed by Scaff's petition for a hearing. Therein Scaff earnestly urged a review of the evidence and urged that an award be entered in his favor. The petition further stated, "However, if the award is not made to conform to the Referee's report this Petitioner will not present new evidence and respectfully requests that an award with a 30-day clause be issued forthwith." This was obviously a twofold effort on Scaff's part. First, he endeavored to secure a favorable ruling and second he was in the process of exhausting his administrative remedies. We have seen this procedural device used a number of times in order to perfect the record for a judicial review. Counsel for both parties, by correspondence with the Commission, urged their respective positions. Neither party urged that new evidence would be presented.

On 9 July 1969 the Commission reversed itself finding that the 3 April 1967 myocardial infarction was industrially related and compensable. The award stated that the Commission was without sufficient information to determine Scaff's average monthly wage or his loss of earning capacity and therefore fixed wages at an arbitrary $200 a month and awarded compensation on that basis until the other determinations could be made. This award contained a 20-day clause.

Some phases of the award did not suit Scaff and the award was timely protested. Pima, without further administrative procedures and within 30 days from the date

of the award, filed this petition for a writ of certiorari with this Court.

## THIS COURT'S JURISDICTION

■ It is well established that the failure of a petitioner before this Court to exhaust his administrative remedies before the Commission prevents this Court from assuming the jurisdiction necessary to review an award. Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967); Stevens v. Industrial Commission of Arizona, 104 Ariz. 293, 451 P.2d 874 (1969).

■ Whether the Commission enters an award with a 20-day clause or with a 30-day clause is not controlling. Flannery v. Industrial Commission of Arizona, 3 Ariz. App. 122, 412 P.2d 297 (1966); Stevens; A.R.S. § 23–951 (Both before and after the 1968 amendment).

■■ Scaff, by a motion to quash the writ, which motion this Court denied without prejudice, urged and by his brief urges that on 9 July 1969 Pima became an aggrieved party for the first time and that as an aggrieved party Pima could not invoke the jurisdiction of this Court without first requesting further administrative processing before the Commission. In the instant case we do not agree. There is no indication by either party that there was any additional evidence on the critical issue as to whether Scaff sustained an industrial injury in the course and scope of his employment. Each argued the weight of the evidence. At first Pima prevailed and then, without additional evidence and while The Industrial Commission had full jurisdiction of the matter, The Industrial Commission ruled in favor of Scaff. The principle which requires one to exhaust the administrative remedies before an appeal to a court is to afford the administrative body a full opportunity to re-examine and re-study the matter. This file discloses the presence of that full opportunity. We hold that no further administrative steps were required to be taken by Pima before

presenting the matter for review to this Court. Stevens.

## THE AWARD

The argument of Pima is directed more to the weight of the evidence than to the sufficiency of the evidence to support the award which is now before us. The file discloses Scaff's language problems. The file discloses some possible inconsistencies in Scaff's testimony. This can be readily reconciled and explained by his last testimony which was supported by his physical demonstration of the circumstances surrounding the 3 April 1967 incident. The Commission ultimately resolved this possible inconsistency in Scaff's favor.

## USUAL v. UNUSUAL

■ The medical evidence indicated that the doctors believed that Scaff's activity at the time he experienced the symptoms of a myocardial infarction were required to be "unusual" before there could be an industrially related result. In heart cases, an unusual stress is more easily resolved in favor of the workman than is the situation where a "heart attack" is sustained while the workman is engaged in the "usual" aspects of his employment. Whether the circumstances be "usual" or "unusual" is not controlling. The medical evidence relative to the causal relationship of the injured workman's activities and the heart problem is the guidepost. Here the medical evidence necessary to support the award is found in the record. Linn v. Industrial Commission of Arizona, 10 Ariz. App. 571, 460 P.2d 677 (1969); Rutledge v. Industrial Commission of Arizona, 9 Ariz.App. 316, 451 P.2d 894 (1969).

We note that Scaff protested a portion of the award which we now have under consideration and that thereafter Pima invoked the jurisdiction of this Court. By this opinion we expressly refrain from ruling upon his protest and we expressly refrain from expressing an opinion as to any

·further· administrative steps which may be available to him

Insofar as the award has been contested by Pima before this Court, the award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.