488 P.2d 493

EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WISCONSIN and M. M. Sundt Construction Company, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Archie Cusenbary, Respondent Employee.

No. 1 CA–IC 590.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 8, 1971.

Rehearing Denied Sept. 30, 1971.

Shimmel, Hill & Bishop, P. C., by Merton E. Marks, Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Ira Schneier, Tucson, for respondent Cusenbary.

JACOBSON, Presiding Judge.

In this heart attack case, the Industrial Commission sustained a finding by the hearing officer that the employee's subendocardial infarction arose out of and in the course of his employment.

The respondent-employee, Archie Cusenbary, at the time of his heart episode was 63 years old and was employed as a journeyman carpenter, and had been so employed for approximately 19 years. In 1964 he suffered a massive heart attack which required hospitalization for 16 days. He did not return to work for 7 months following the 1964 attack. Mr. Cusenbary also suffers from a preexisting chronic occlusive coronary arterial disease.

On January 5, 1970, while engaged in building catch basins in connection with his employer's highway contract he complained of pain in his arm and shoulder. He had been complaining of this type of pain for approximately 30 days prior thereto. That evening at 8:30, he was taken to a hospital where his condition was diagnosed as a myocardial infarction. The work he was performing on the day he was taken to the hospital was strenuous physical exertion, but was no different in degree from what he had been engaged in for at least 30 days prior thereto, and was no different in degree from what he had been performing off and on for approximately 19 years.

Two doctors testified that in their opinion Mr. Cusenbary's heart episode of January 5, 1970 was an infarction and was re-

lated to his work activity. Another doctor, whose testimony was presented by way of a report, was not able, from all of the hospital records and reports submitted to him, to determine whether in fact Mr. Cusenbary suffered an infarction and was of the opinion that if there was an infarction, it was not related to his work.

 Petitioner's attack before this court is primarily directed toward discrediting the opinions of the two doctors who were of the opinion that a causal connection existed between respondent-employee's work activity and the infarction. However, the weight to be given a witness's testimony is for the finder of fact, not this court. Cammeron v. Industrial Commission, 98 Ariz. 366, 405 P.2d 802 (1965). Moreover it is the law in the State of Arizona that the causal connection between a heart attack and work activities is peculiarly within the province of medical experts. Sandoval v. Industrial Commission, 3 Ariz.App. 449, 415 P.2d 463 (1966); Pima Mining Company v. Industrial Commission, 11 Ariz.App. 480, 466 P.2d 31 (1970).

 There is reasonable medical testimony in the record supporting the finding that Mr. Cusenbary's subendocardial infarction was caused by his employment and we, therefore, must affirm this award.

 However, we would be remiss, if we did not again point out, as we have done in several recent heart attack opinions,[1] that until the state of the medical art reaches a point where it can with some degree of certainty determine the relationship between work activities and heart attacks, courts and the Commission should view such medical opinions with caution.

Award affirmed.

HAIRE and EUBANK, JJ., concur.

---

1. See Stotts v. Industrial Commission, 15 Ariz.App. 288, 488 P.2d 493 (Filed September 7, 1971); Fidelity and Casualty Co. v. Industrial Commission, 15 Ariz. App. 288, 488 P.2d 493 (Filed September 8, 1971).