541 P.2d 1172

**William H. DOOLIN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Summit Organization (Exquisite Form Industries), Respondent Employer,**

**Travelers Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1186.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 4, 1975.

Machmer, Schlosser & Meitz, P.C. by Ronald M. Meitz, Cahill, Hanson, Phillips & Mahowald, Phoenix, by Bruce M. Phillips, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Burch, Cracchiolo, Levie, Guyer & Weyl by Richard Q. Nye, Phoenix, for respondent employer and respondent carrier.

OPINION

SCHROEDER, Judge.

The petitioner, William H. Doolin, challenges the sufficiency of medical evidence supporting the decision of the Industrial Commission that his heart attack was not causally related to his employment.

The petitioner was employed as a salesman for the Summit Organization. It is not disputed that he did suffer a heart attack (myocardial infarction) in August of 1973. Petitioner testified that his work, including activities engaged in during the days immediately preceding diagnosis of his attack, involved some physical exertion and emotional stress attributable to his employment. The work activities, according to petitioner, included lifting of file cases, long driving hours, and an unpleasant "chewing out" by his superior on the phone.

It is also not disputed that in the 24 hours preceding hospitalization, petitioner mowed his lawn and made repairs on his home, activities which were not related to his employment.

The principal issue before the Commission was whether any exertion and stress related to his employment was a cause of the heart attack.

Two medical experts testified during the hearing, both of whom were called by petitioner.

The first doctor was the petitioner's treating physician, Leo Ankenbrandt, M.D., a general practitioner. In the course of his testimony, he responded to a lengthy hypothetical question taking into account the various work-related activities which, according to petitioner, had been engaged in prior to the onset of the attack. The hearing officer fairly characterized his testimony as being that the stressful conditions of employment, as testified to by petitioner, were an influencing factor in his heart attack.

The second medical expert, Herschel M. Richter, M.D., a specialist in cardiology, had been consulted by Dr. Ankenbrandt, and had examined petitioner during the course of petitioner's treatment. Dr. Richter was asked virtually the identical hypothetical question asked the attending physician, reciting the work-related events which petitioner contended were a cause of his heart attack. Dr. Richter responded that such events were "unassociated" with the heart attack, and that there was no cause and effect relationship.

It is the Commission's responsibility to resolve conflicts in medical evidence, and its findings will not be disturbed if supported. *Renteria v. The Industrial Commission of Arizona,* 94 Ariz. 348, 385 P.2d 223 (1963); *Altamirano v. The Industrial Commission of Arizona,* 12 Ariz. App. 345, 470 P.2d 493 (1970). Petitioner urges that the testimony of Dr. Richter does not rise to the level of a conflict with the testimony of Dr. Ankenbrandt. Petitioner argues that the testimony of Dr. Richter, who indeed was called as petitioner's own witness, must be disregarded as a personal philosophical opinion that neither emotional strain nor physical stress *ever* causes a heart attack.

Our review of Dr. Richter's testimony compels us to disagree with such a characterization. Dr. Richter expressed the opinion that only highly unusual stress situations would have a causal effect on a myocardial infarction, and that the circumstances related by petitioner in this case did not amount to such unusual stress or effort.

Moreover, our courts have repeatedly held in heart attack cases that the question of causation must, in each individual case, be resolved on the basis of the medical evidence in the record. *Stotts v. The Industrial Commission of Arizona,* 15 Ariz.App. 290, 488 P.2d 495 (1971); *Pima Mining Company v. The Industrial Commission of Arizona,* 11 Ariz.App. 480, 466 P.2d 31 (1970); *Linn v. The Industrial Commission of Arizona,* 10 Ariz.App. 571, 460 P.2d 677 (1970). In *Linn, supra,* there

was evidence from a Cardiovascular Board which concluded that there could be no causal relationshp between the deceased's physical activity and his heart attack and, more broadly, that " ' * * * there is no body of evidence in medical literature or knowledge that can connect physical activity with this type of death.' " 10 Ariz.App. at 572, 460 P.2d at 678. In *Linn, supra,* as in this case, the attending physician testified that there was a causal relationship. This Court affirmed the Commission's denial of compensation based on the evidence of the Cardiovascular Board. We find nothing in the record of this case to require a different result.

 We recognize that in some circumstances, based upon the medical evidence in the record, heart attacks may be considered accidents within the meaning of our Workmen's Compensation Act. The claimant need not show that industrial-related conditions were the sole cause of the heart attack, but only "a" cause. *See McNeely v. The Industrial Commission of Arizona,* 108 Ariz. 453, 501 P.2d 555 (1972); *Thiel v. The Industrial Commission of Arizona,* 1 Ariz.App. 445, 404 P.2d 711 (1965). But where, as here, the record contains conflict as to whether or not the particular work-related conditions were a causal factor at all, the Industrial Commission's resolution of that conflict must be sustained. *Southwest Forest Industries, Inc. v. The Industrial Commission of Arizona,* 96 Ariz. 91, 392 P.2d 506 (1964); *Hume v. The Industrial Commission of Arizona,* 16 Ariz.App. 432, 494 P.2d 37 (1972); *Scoggins v. The Industrial Commission of Arizona,* 20 Ariz.App. 126, 510 P.2d 756 (1973). This is not a case like *Thiel, supra,* upon which petitioner places principal reliance, where the uncontroverted view of all three experts was that a causal relationship did exist between the heart attack and the deceased's work.

The award is affirmed.

NELSON, P. J., and WREN, J., concur.