NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JAMAL COLE, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

AAA LANDSCAPE DBA, *Respondent Employer,*

AMERICAN ZURICH INSURANCE CO, *Respondent Insurance Carrier.*

No. 1 CA-IC 22-0043
FILED 6-6-2023

---

Special Action - Industrial Commission
ICA Claim No. 20213100008
Carrier Claim No. WC4C0228661-001
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Jamal Cole, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Slavin, P.C., Phoenix
By Kirk A. Barberich
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1        Petitioner Jamal Cole seeks review of an Industrial Commission of Arizona ("ICA") award finding his workers' compensation claim non-compensable. The award is affirmed.

## FACTS AND HISTORY

¶2        This Court considers the evidence in the light most favorable to sustaining the award. *Turner v. Indus. Comm'n*, 251 Ariz. 483, 484, ¶2 (App. 2021). Cole worked landscape maintenance for AAA Landscape and was on his way to a job site on October 22, 2021, when the pickup truck he was riding in rear-ended another car causing a minor accident. The truck was driven by Edgar Zermano, with Cole and three other workers in the cab. The five men were traveling on a freeway off-ramp at 50 miles per hour when Zermano slammed on the brakes and skidded into the car in front of him. Immediately after the accident, while the vehicles were on the side of the road, all but one of the truck passengers, including Cole, said they were "fine." Everyone moved off the freeway, and the police arrived. When AAA Supervisor Juan Camacho arrived, he was informed that nobody was injured. After the police asked questions and cited Zermano, the AAA employees went to the job site. Once at the job site, Cole began to say that his back was hurting. Zermano took Cole and another worker to urgent care to get checked out. Cole complained of back pain at urgent care, was given a prescription and care instructions, and left.

¶3        The following week, Cole began seeing a chiropractor regularly. He filed a workers' compensation claim on November 6, 2021. American Zurich Insurance Co. denied the claim, and Cole requested a hearing.

2

¶4　　　　At the hearing, Cole testified that he immediately complained of neck and back pain after the collision. Zermano testified that, while standing on the side of the road following the accident, he overheard Cole and another worker commenting to each other that they should say that they were injured. Zermano confronted them about this and told Camacho about it when Camacho arrived. Camacho testified that he asked everyone who had been in the truck if they were hurt so that he could report it to the police officer. No one claimed to be injured at that time.

¶5　　　　After receiving testimony from Cole, Zermano, and Camacho, the ICA Administrative Law Judge ("ALJ") found that Zermano and Camacho were more credible than Cole about whether Cole sustained any significant injury from the accident. She found that Cole's claim was non-compensable. Upon administrative review, she affirmed her decision.

## DISCUSSION

¶6　　　　In reviewing ICA awards, the ALJ's findings will not be disturbed unless the conclusions cannot be "supported on any reasonable theory of evidence." *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987). When reasonable evidence exists to support an ALJ's factual determinations, this court will not overturn them, nor will the evidence be re-weighed. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 608-09, ¶ 21-25 (App. 2000). Where there is conflict in the evidence or where two different inferences may be drawn from the evidence, the ALJ has the discretion to resolve those conflicts and choose either inference; a reviewing court will not disturb that choice unless it is wholly unreasonable. *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965).

¶7　　　　Cole points to conflicting evidence that he reported his injuries at the scene to support his appeal. He alleges that the ALJ failed to consider this evidence and the decision should be overturned. To prevail, Cole must show that no reasonable evidence in the record supports the ALJ's findings. *Kaibab Indus.*, 196 Ariz. at 609, ¶ 25. He has not done this. Instead, he reargues the evidence, urging this court to discredit Zermano's testimony. Cole misunderstands the role of this Court; it does not re-weigh the evidence. Cole fails to point to anywhere in the record or present any arguments that demonstrate the ALJ's findings were unreasonable or unsupported by the evidence.

**CONCLUSION**

¶8 Because there is reasonable evidence to support the factual findings in the award, the ALJ's decision is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA