474 P.2d 838

**Onnie Lee McKENZIE, Widow, Petitioner,**
**In the Matter of Harold B. McKenzie,**
**Deceased,**

v.

**INDUSTRIAL COMMISSION of Arizona,**
**Respondent,**

**Arizona Highway Department, Respond-**
**ent Employer,**

**State Compensation Fund, Respond-**
**ent Carrier.**

**No. I CA–IC 424.**

Court of Appeals of Arizona,
Division 1,
Department B.
Sept. 30, 1970.

Chris T. Johnson, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona, Robert K. Park, Chief Counsel, State Compensation Fund, by R. Kent Klein, Phoenix, for respondents.

JACOBSON, Judge.

We are asked to determine whether there was evidence to reasonably support the finding of the Industrial Commission that the cardiac arrest of the petitioner's deceased did not arise out of and in the course of his employment.

Harold B. McKenzie was employed by the Arizona Highway Department. On April 5, 1968, he was engaged in spraying weeds along the highway. This job requires two men—one to drive the truck containing the spraying apparatus and one to walk behind the truck at approximately one and one-half miles per hour and direct the spray through a three and one-half pound nozzle. The two men alternate every thirty minutes between the truck driving and spraying activities. Mr. McKenzie and his co-employee had been engaged in this particular activity for approximately seven days prior to his death.

On the day in question the two men were engaged in their usual activity and the evidence is clear that the decedent was in no way doing anything unusual for his job. The co-worker described the decedent as appearing normal on that day.

After lunch and approximately ten to fifteen minutes after the decedent had taken his turn as truck driver, the truck lunged forward and the decedent was found slumped over the wheel. Mr. McKenzie died that same afternoon as a result of a cardiac arrest. A subsequent autopsy revealed that

the decedent was suffering from acute coronary arteriosclerosis.

Only the doctor who performed the autopsy presented medical testimony concerning whether the cardiac arrest was work related. Generally the doctor's opinion was that his work did not precipitate or cause the coronary occlusion which resulted in the decedent's death.

The doctor, in what we deem to have been an attempt to be completely intellectually honest with both counsel, when questioned concerning whether the effect of working that day aggravated the preexisting coronary arteriosclerosis stated:

> "As far as the aggravation or contribution it must be couched in terms of probability as you suggested. And the *probability of it having contributed or aggravating this is quite low*. And in my opinion *it would be improbable,* but certainly not impossible.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> "A I don't think it caused it. I don't think it caused the lesion in the coronary artery. I don't think it aggravated that condition. *I don't know, but it might* have accelerated that episode in reference to point in time at which it happened. I don't know whether I can make that any more clear or not."

█ Petitioner attempts to take solace from the doctor's failure to rule out absolutely the fact that the decedent's work could have accelerated the admittedly inevitable result of decedent's disease. Petitioner, however, has the burden of proving that the fatality not only occurred while the decedent was in the course of his employment but also that the death arose out of the employment. In meeting this burden, petitioner must show more than mere possibilities.

█ The doctor's testimony, taken as a whole, supports the finding of the commission that the decedent's cardiac arrest was not work related.

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.