476 P.2d 877

Millard E. CHAMBERLAIN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Associated Grocers, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 338.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 25, 1970.

Rehearing Denied Dec. 14, 1970.

Review Denied Feb. 2, 1971.

George Sorenson, Jr., Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by Cecil A. Edwards, Jr., Phoenix, for respondent Carrier, State Compensation Fund.

EUBANK, Presiding Judge.

We granted a writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona denying the petitioner compensation on his claim which arose when he experienced an acute inferior myocardial infarction, (heart attack) while he was on the job as a forklift operator for the respondent employer on September 8, 1967, and was thereafter hospitalized.[1]

The petitioner recognizes that his case is "another heart case" and quotes Linn v. Industrial Comm., 10 Ariz.App. 571, 460 P.2d 677 (1969), as follows:

"'Heart cases' are resolved based upon the medical testimony as to the causal relationship between the events and the 'heart failure'. * * * (cases cited). In those claims wherein there is a conflict in the medical testimony The Industrial Commission has the responsibility of resolving the conflict."

He also acknowledges that the record shows the medical testimony in conflict, but contends that had the three doctors comprising the Cardiovascular Advisory Board not assumed that petitioner's physical effort in removing several 80-pound cases of paper towels from the pathway of his forklift by lifting and stacking them was "routine" work rather than unusual work, that the Board would have come to the same conclusion as petitioner's doctor, i. e., that the heart attack was work-connected.

In support of his position petitioner cites his cross-examination of Doctors Gordon and Cohen of the Cardiovascular Advisory Board. A full reading of the record shows that both doctors were consistently of the opinion that petitioner would have had the heart attack whether or not he had lifted the cases of towels. Their opinion was based upon the fact that the petitioner was experiencing symptoms earlier in the day unrelated to his lifting the paper towels. This raises the conflict in medical causation opinion which petitioner recognizes in Linn, supra. See also Rutledge v. Industrial Commission, 9 Ariz.App. 316, 451 P.2d 894 (1969).

Award affirmed.

HAIRE and JACOBSON, JJ., concur.

---

1. This case was decided under the law as it existed prior to January 1, 1969.