494 P.2d 382

O. C. LaRUE, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

McAfee-Brown General Construction,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 600.

Court of Appeals of Arizona,
Division 1,
Department B.

March 13, 1972.

Rehearing Denied April 4, 1972.

Review Denied June 6, 1972.

Spencer K. Johnston, Phoenix, for peti-
tioner.

William C. Wahl, Jr., Chief Counsel,
Phoenix, for respondent The Industrial
Commission of Arizona.

Robert K. Park, Chief Counsel by Arthur
B. Parsons, Phoenix, for respondent carrier
and respondent employer.

EUBANK, Judge.

The petitioner in this industrial case
raises the question of whether the Com-
mission's award denying benefits is proper
and is before us on our writ of certiorari.

The petitioner was employed by McAfee-
Brown General Construction as a general
laborer. During January, 1969, his duties
consisted of driving a dump truck to dif-
ferent job sites and cleaning up the area.
On January 21, 1969, petitioner was at-
tempting to remove a utility pole from the
ground by using the dump truck. The
pole slipped off the bed of the truck and
fell to the ground. Petitioner lifted the pole
in order to place it back on the truck and
experienced a burning sensation through
his chest. Petitioner rested for a brief peri-
od, then finished loading the pole on the
truck and returned it to McAfee-Brown's
yard. Evidently, petitioner then left work
and went home. The next morning he went

to work and made no mention of the burning sensation or that he had left work early, except to explain that he had "taken off." Petitioner experienced the burning sensation occasionally during the next two weeks and on February 2, 1969, while placing new license plates on his vehicles at home, he suffered a myocardial infarction (heart attack).

The evidence in the record consists of a letter from Dr. Edgar Lamb stating that the heavy exertion in lifting the pole was the precipitating factor of the infarction; a medical report from Dr. Allan I. Cohen stating that the infarction was not caused by the stress of the January 21, 1969, loading incident, nor was it job related; and the medical testimony of Dr. Cohen at a hearing held August 12, 1970, confirming his prior written medical opinion.

Petitioner complains that the Commission did not determine whether or not he suffered an industrial accident. He complains that by paragraph numbered 3 of the award, the Commission determined, ". . . that whether or not said episodes constitute injury within the purview of the Workmen's Compensation Act is moot in that even assuming the same to have been injuries, it is only those injuries which produce financial loss which are compensable under the Act (citation omitted)." And, that this did not determine whether the January 21, 1969 occurrence was or was not an industrial accident.

It appears to us that petitioner's contention has no substance in that the Commission in the next paragraph of the award specifically states, ". . . the report and testimony of Dr. Allan I. Cohen, specialist in cardiology, establishes that the myocardial infarction sustained by applicant on February 2, 1969 was not caused, precipitated or aggravated by the industrial occurrences of January 21, 1969 or January 31, 1969."

▆▆ Petitioner has the burden of proving the elements of his claim. McKenzie v. Industrial Commission, 13 Ariz.App. 119, 474 P.2d 838 (1970). The record in this case presents a conflict in the medical evidence as to the significance of the January 21, 1969 occurrence and this Court will not disturb the award on this basis. Chamberlain v. Industrial Commission, 13 Ariz. App. 356, 476 P.2d 877 (1970).

The award is affirmed.

HAIRE, P. J., and JACOBSON, J., concur.