484 P.2d 666

Hersh W. BREEDING, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Arizona Highway Department, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 420.

Court of Appeals of Arizona, Division 1.

May 6, 1971.

Rehearing Denied June 1, 1971.

**514**

Pima County Legal Aid Society by David Lowry, Tucson, for petitioner.

William C. Wahl, Phoenix, for Industrial Comm.

Robert K. Park, Chief Counsel, Phoenix, by Dee Dee Samet, Tucson, for State Compensation Fund.

HOWARD, Judge.

This case is before the court by writ of certiorari to review the validity of an award and findings of the Industrial Commission of Arizona which denied any benefits to the petitioner.

Petitioner claimed he suffered a hernia when a 48 pound cooler motor fell from a cooler he was cleaning and struck him in the abdomen. The issue in the case is whether or not the cooler motor did in fact fall on the petitioner thereby causing a reopening of an old hernia.

We have examined the record and read the transcript. Contrary to petitioner's assertion, his testimony is at times inconsistent and contradicted by documentary evidence and the testimony of other witnesses. Although petitioner offered the testimony of an alleged eye-witness, the results of the cross-examination of this witness coupled with other evidence in the case are such as could cause the trier of fact to discount such testimony.

As stated by the court in Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968), the question before this court is whether the Industrial Commission's findings of fact were sustained by substantial evidence. The findings of the Industrial Commission will not be disturbed when the evidence is conflicting and there is substantial evidence to support these findings.

We hold that the findings of the Commission were supported by substantial evidence.

The evidence before the Commission justified the application of the following rules set down in Malinski v. Industrial Commission, supra. (1) The appellate court does not weigh the evidence, but considers it in a light most favorable for sustaining the award. (2) The appellate court is limited in its review to determination of whether or not there is evidence in the record which would justify the finding of the Commission. (3) It is thoroughly established in this jurisdiction that the burden is on the injured party to establish his or her claim to the reasonable satisfaction of the Commission. The Commission is not required to disprove the petitioner's contention. (4) In cases of this nature the Commission is the trier of fact, and, unless its conclusion is arbitrary and cannot be supported on any reasonable theory of the evidence, we are bound thereby, even if we, sitting as triers of fact, would reach a different conclusion on the evidence.

Further, as also stated in Malinski v. Industrial Commission, supra, as the trier of fact it is the privilege and duty of the Commission and not of the appellate

court to resolve all conflicts in the evidence and draw warranted inferences. Where more than one inference may be drawn the Commission is at liberty to choose either, and this court will not disturb its conclusion unless it is wholly unreasonable.

The award of the Industrial Commission of Arizona is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This case was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.