483 P.2d 58

Robert B. RUTLEDGE, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Cyr & Evans Contracting Company,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 477.

Court of Appeals of Arizona,
Division 1,
Department B.

March 30, 1971.

Rehearing Denied May 19, 1971.

Review Granted June 15, 1971.

R. Kelly Hocker, Tempe, for petitioner.

William C. Wahl, Jr., Phoenix, Counsel
for The Industrial Commission of Arizona.

Robert K. Park, Phoenix, Chief Counsel
for State Compensation Fund by Cecil A.
Edwards, Jr.

JACOBSON, Presiding Judge.

This review by certiorari of an award
of The Industrial Commission represents
the second review by this Court of this
particular case.

On March 12, 1969, Department A of this
Court in Rutledge v. Industrial Commis-

sion, 9 Ariz.App. 316, 451 P.2d 894 (1969), set aside an award of The Industrial Commission which found that Rutledge had not sustained an accident arising out of and in the course of his employment. Mr. Rutledge suffers from arterial sclerosis and his claim for compensation arises out of his heart condition.

Following remand by this Court, the State Compensation Fund requested and was granted a hearing to present medical testimony concerning the causal connection between Rutledge's employment and his heart problem. Rutledge's objections to this hearing included writs of prohibition and mandamus before the Arizona Supreme Court. The Supreme Court refused to interfere with the hearings to be held by the Commission.

As was stated in the previous opinion in this matter, Rutledge has had a long history of heart attacks which culminated, insofar as this claim is concerned, in some type of heart episode on October 31, 1966. Prior to the first opinion in this matter, only Dr. George W. Bascom had testified as to the medical condition of the petitioner. Upon remand, the Fund presented as a witness Dr. Allen L. Gordon who testified that in his opinion Petitioner did not suffer an "accident" on October 31, 1966, his condition on that date being angina pectoris and not a myocardial infarction and that his condition on that date was not related to his employment. Petitioner agreed that Dr. Bascom's testimony taken at the previous hearing could specifically be considered by the Commission.

Following this hearing, The Industrial Commission again issued its award finding that Rutledge had not suffered an accident arising out of and in the course of his employment.

The petitioner presents several issues for review, the more substantive of these centering around the effect of our previous opinion in this case and whether the testimony of an expert based upon a review of the Commission's file will sustain an award.

Petitioner's first contention is that upon remand by this Court, the Commission is precluded from conducting any additional hearings at the request of the Fund.

This contention is based primarily on the argument that the Fund had ample opportunity to present medical testimony concerning the causal connection between petitioner's heart problem and his employment at the hearings held prior to the remand and it was therefore foreclosed from presenting further testimony on this point. Moreover, the argument of the petitioner continues, to now allow this testimony encourages piecemeal litigation and violates the legal precept that litigation must have an end. However salutary petitioner's argument might be, the power of this court to review awards of The Industrial Commission is severely limited by ARS § 23–951, subsec. B which provides:

"The review shall be limited to determining whether or not the commission acted without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award. If necessary, the court may review the evidence."

This statute further provides that this court can only affirm or set aside an award of the Commission. ARS § 23–951, subsec. D; see Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966). Since this court may not direct action on the part of the Commission concerning its awards following a remand, the Commission may, at the request of either party, conduct further evidentiary hearings. As was stated in King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294 (1932):

"[W]hen an award of the Industrial Commission is set aside the effect of such order is to remand the case to the commission for a trial *de novo*, and that it is not only the right but the duty of the commission, if any new evidence is available which will throw more light upon the case, to see that such evidence * * * is properly presented, so that

its final award may be based upon the true facts."

*See also,* Vidal v. Industrial Commission, 8 Ariz.App. 244, 445 P.2d 446 (1968).

 We therefore hold that the Commission properly granted the Fund an opportunity after remand by this Court to present additional evidence concerning petitioner's claim.

As a corollary to petitioner's no-new-trial argument, he also argues that the issue of whether the occurrence here was an "accident" is res judicata by reason of our previous opinion and that at least this aspect of the claim is the "law of the case." While this may be a valid argument in those cases where no new evidence is presented to the Commission after a remand, it fails once additional evidence on an issue is presented. The test of an award of the Commission in this court on a subsequent appeal is the same as before remand, that is, was there any reasonable evidence before the Commission which would sustain its award. To hold otherwise would thwart the concept of additional hearings after remand.

This then leads us to petitioner's last contention before this court. Petitioner tacitly concedes that Dr. Gordon's testimony does create a medical conflict in the evidence, both as to whether petitioner suffered an "accident" on October 31, 1966, and whether such an "accident" was industrially related. Petitioner's argument however, is that such conflicting testimony will not support an award of the Commission since it was not based upon a personal examination of the petitioner, but rather upon a review of the Commission file together with a reading of Dr. Bascom's testimony taken at the previous hearing.

In support of his position, petitioner cites the dissenting opinion in Piepkorn v. Industrial Commission, 9 Ariz.App. 532, 454 P.2d 580 (1969). However, the majority in *Piepkorn* correctly, we think, point out that a medical opinion entitled to substantive consideration may be garnered from a review of the Commission file, even though that file may contain opinions of other experts in the field.

From our review of the evidence we conclude there was sufficient evidence before the Commission to justify a finding that petitioner's heart episode was non-compensable.

Award affirmed.

EUBANK, and HAIRE, JJ., concur.