492 P.2d 1168

**Robert B. RUTLEDGE, Petitioner,**

·v.

**INDUSTRIAL COMMISSION of Arizona,
Respondent,**

**Cyr & Evans Contracting Company,
Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 10535–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 14, 1972.

R. Kelly Hocker, Tempe, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent.

Robert K. Park, Chief Counsel by Cecil A. Edwards, Jr., Phoenix, for respondent carrier.

CAMERON, Justice.

This court granted Rutledge's petition to review the decision of the Court of Appeals (Rutledge v. Industrial Commission, 14 Ariz.App. 317, 483 P.2d 58 [1971]) affirming a non-compensable award of the Industrial Commission. The Court of Appeals had previously set aside an award of the Commission in the same case. See Rutledge v. Industrial Commission, 9 Ariz. App. 316, 451 P.2d 894 (1969).

We are asked to determine:

1. whether a "de novo" hearing was proper after a prior award was set aside by the Court of Appeals,

2. whether the statement by the Court of Appeals that there was an "accident" was res judicata, and

3. whether the testimony on causation by a medical doctor who had not personally examined the petitioner nor seen petitioner's hospital and medical records was substantial evidence.

The facts necessary for a determination of this matter are as follows. At the time of the alleged injury, petitioner was approximately fifty years of age with a history of heart difficulties. He suffered his first "attack" in 1957. On 14 October 1966, the petitioner saw Dr. George Bascom for a checkup. Dr. Bascom advised petitioner that he should be immediately hospitalized but petitioner refused to follow Dr. Bascom's advice and returned to work. On 31 October 1966, while running a bulldozer pushing gravel up to a rock crusher, petitioner felt ill and was forced to stop work for about 30 minutes. He finished his shift, however, and that night was taken to the hospital where he was admitted and remained for two weeks. Dr. Bascom was called to the hospital and continued to treat petitioner during his stay in the hospital. After proceedings and a hearing at which petitioner's attending physician testified at length, the Commission issued an award for "non-compensable claim." The petitioner appealed by way of writ of certiorari to the Court of Appeals.

The Court of Appeals set aside the award of the Industrial Commission stating:

" * * * [T]he uncontroverted medical testimony clearly indicating a relationship between petitioner's employment and his injury, the award of the Commission is not reasonably supported by the evidence and must be set aside." Rutledge v. Industrial Commission, 9 Ariz.App. 316, 319, 451 · P.2d 894, 897 (1969).

Upon remand and after further proceedings, the Industrial Commission granted the Fund's Petition for Hearing and a formal hearing was held before the Industrial Commission on 24 November 1969 at which time Dr. Alan F. Gordon, who had "reviewed the file" and submitted a report, was allowed to testify, over objection, as to his opinion of whether petitioner suffered an injury by accident arising out of and in the course of his employment. As to the matters considered by Dr. Gordon in arriving at his opinion, he testified as follows:

"A Any answer that I give must be based on second hand information, since I have never laid eyes on Mr. Rutledge, nor have I first hand seen the records of his hospitalization, but the information in the file is such that there is no documentation that he had a heart attack or damage to his heart and as I best recollect Dr. Bascom testified, specifically, that Mr. Rutledge didn't have a heart attack.

"Q Doctor, did you agree with Dr. Bascom's opinion that the claimant, Mr. Rutledge, was suffering from either angina pectoris or coronary artery pain on those two dates?

"A Yes.

"Q Would you be so kind as to refer to the specific portions of the file including the transcript and tell us those portions upon which you based your present opinion realizing that it is probably quite lengthy?

"A Well, I am quoting a statement made by Dr. Bascom. I believe it was in his testimony of December 14, 1967. He was asked an opinion as to whether or not the claimant had suffered a recent infarct. The Doctor stated, 'No. It was my impression from these electrocardiograms that he had serious coronary

artery insufficiency, blood supply to the myocardium, but not a fresh infarction.'

\* \* \* \* \* \*

"Q In arriving at the opinions that you have just stated, did you take into consideration the testimony with regard to ther2 having been a myocardial infarction, I believe, 1959, and then a second one in 1965?

"A The information that I have, again, is from Dr. Ehrlich's letter that there was an acute myocardial infarction in May 1956. There was another episode of chest pain in August or September 1965 for which the claimant was hospitalized, but according to the information available to me there was not any evidence of another heart attack. If I may quote Dr. Ehrlich in speaking of the September 1965 episode, he said: 'Review of the numerous serial electrocardiograms which you were kind enough to forward in my opinion failed to reveal any evidence of an acute myocardial injury. It is also important to note that the serum myocardial enzyme studies by the same tone were within normal limits.'

"Q Doctor, are there any portions of Dr. Bascom's testimony with which you disagree?

"A No, and I must add I am not in any position to disagree. I have to accept what he says at face value."

After the hearing the referee made his report to the Industrial Commission recommending that the Commission enter "Decision Upon Rehearing and Findings And Award for *Compensable Claim*." (emphasis added) The referee stated:

"At the last hearing the State Compensation Fund presented the testimony of Alan L. Gordon, M.D. At best, his testimony would create a conflict in medical evidence from which the Commission should resolve the conflict in favor of the applicant. \* \* \*"

A majority of the members of the Industrial Commission rejected the recommendations of the referee and entered an award finding that Rutledge had not suffered an accident arising out of and in the course of his employment. From this award petitioner appealed. The Court of Appeals affirmed the award of the Commission.

### TRIAL DE NOVO AND RES JUDICATA

 We believe the Court of Appeals properly disposed of these matters in holding that additional evidence could be presented and that this evidence along with the previous evidence could be considered at a trial de novo. We also believe the Court of Appeals was correct in holding that the finding that there was an industrial accident was not res judicata when the matter was heard again as a trial de novo. The opinion of the Court of Appeals as to these two matters is affirmed.

### WAS THE MEDICAL TESTIMONY SUBSTANTIAL EVIDENCE?

 Awards of the Industrial Commission will be sustained if they are reasonably supported by the evidence, Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968); Lawson v. Industrial Commission, 12 Ariz.App. 546, 473 P.2d 471 (1970), and the evidence will be viewed in a light most favorable to sustaining the Commission's award. In Re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969); Breeding v. Industrial Commission, 14 Ariz. App. 513, 484 P.2d 666 (1971). In furtherance of this policy, we have held that we will set aside an award of the Industrial Commission only where it is not supported by *substantial* evidence. Bishop v. Industrial Commission, 94 Ariz. 65, 381 P.2d 598 (1963); Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962). Thus, the ultimate question arises—was the evidence before the Industrial Commission in support of the award *substantial*? We think not.

The record clearly discloses that Dr. Bascom, the treating physician, did a com-

plete medical history and a complete physical examination and fluoroscopic examination of the chest and an electrocardiogram in addition to other tests performed on petitioner. On the other hand, Dr. Gordon testified that he had never examined petitioner, nor had he seen the medical records.

It is one thing, in an Industrial Commission matter, for an expert to examine medical records, reports, and (where necessary for a determination of the matter) the petitioner, and then testify on matters peculiarly within his expertise. It is another thing to merely review the Commission's medically incomplete file and comment on the testimony of the examining physician. Such testimony is not substantial. We agree with the dissenting member of the Industrial Commission that "the 'new' medical evidence was in fact merely file review and interpretation of testimony of the treating physician." We believe that something more is required before the testimony of the expert can be considered "substantial."

In support of its position, the Industrial Commission relies upon the majority in Piepkorn v. Industrial Commission, 9 Ariz. App. 532, 454 P.2d 580 (1969), petition for review denied 7 October 1969, as well as Tipton v. Industrial Commission, 7 Ariz. App. 39, 435 P.2d 874 (1968). We do not by this decision hold that the testimony of a doctor who has not examined the claimant can never be substantial. It must, however, be something more than a review of the file and comment upon the testimony of previous witnesses.

The federal courts have dealt with this same problem in connection with review of federal administrative decisions. In one such case, the examiner had an "expert" doctor examine the various medical reports the examiner had introduced and then testify, without having seen or treated the claimant, that the claimant was not disabled. The Court of Appeals for the 6th Circuit in that case held that such testimony was not substantial evidence, stating:

"Such a statement as Dr. London's cannot be considered substantial evidence in view of the fact that he never saw or examined appellee, and in face of the medical evidence of physicians who not only treated him over a long period of time but also examined him and came to the determination that he was totally and permanently disabled." Mefford v. Gardner, 383 F.2d 748, 759 (6th Cir. 1967).

And in a similar case where a Social Security Administration doctor did not examine the claimant but based his testimony on an examination of the medical record, the Court of Appeals for the 4th Circuit said:

" * * * We reach the conclusion that, * * * the opinion of a doctor who never examined or treated the claimant cannot serve as substantial evidence to support the Secretary's finding." Hayes v. Gardner, 376 F.2d 517, 520, 521 (4th Cir. 1967).

The rationale for such holdings was perhaps best stated by the United States Court of Appeals for the 5th Circuit in these words:

"It appears from the facts in many of the foregoing cases, as well as in the one before us, and we assume in those cases being held in abeyance by the trial court, that there is a widespread practice by hearing examiners of having testifying doctors accompany them, and, in a manner of speaking 'ride the circuit' with them, for the purpose of examining medical records and reports of claimants and then testifying as experts, with or without a cursory examination of the claimants, as to their disability. This procedure should be frowned upon, if not eliminated altogether. Such testimony is not substantial evidence, and, if objected to, will not, standing alone, support a decision of the examiner adverse to the claimant. This is especially true when such testimony is in conflict with that of the claimant and his doctor who has not only examined him but has also

treated him over a long period of time." Cohen v. Perales, 412 F.2d 44, 55 (5th Cir. 1969). Reversed on other grounds, Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

We hold, in the instant case, that the testimony of Dr. Gordon, based solely upon a review of the Commission file, does not constitute substantial evidence to support the Commission's award, especially when considered with the testimony of the examining physician. So much of Piepkorn and Tipton, supra, and other cases which conflict with this opinion are disapproved.

The decision of the Court of Appeals at 14 Ariz.App. 317, 483 P.2d 58 (1971) is affirmed in part and vacated in part. The award of the Industrial Commission is set aside.

HAYS, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.