506 P.2d 1083

**STATE COMPENSATION FUND,**
Petitioner Carrier,

*Robbins Investment Company, Inc., dba*
**Hilton Inn, Petitioner Employer,**

v.

**Lloyd V. LAWRENCE, Respondent**
**Employee,**

**The Industrial Commission of Arizona,**
**Respondent.**

**No. 1 CA–IC 771.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 6, 1973.

Rehearing Denied May 4, 1973.

Review Denied June 5, 1973.

. Robert K. Park, Chief Counsel, State Compensation Fund, by Dee-Dee Samet, Phoenix, for petitioners Robbins Inv. Co., Inc., dba Hilton Inn, and State Compensation Fund.

Lawrence Ollason, Tucson, for respondent employee.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

STEVENS, Judge.

On 6 September 1970 Lloyd V. Lawrence (employee) sustained a myocardial infarction while on the job as a cook at the Hilton Inn in Tucson. The hearing officer held that the same was compensable. The Commission, on review, entered its award of affirmance. In this appeal by certiorari the petitioners question the sufficiency of the evidence to sustain a finding of a causal relationship between the infarction and the conditions of employment.

The employee testified as to the extreme heat at his station in the kitchen, where he was performing his services as a broilerman. There was evidence that the kitchen crew was shorthanded and extremely busy. The Fund secured a file review by Mayer Hyman, M.D., a specialist in the area of cardiopulmonary diseases. An important consideration was the employee's testimony as to the kitchen temperature. Dr. Hyman expressed the opinion that there was a causal relation between the room temperature, the pressure of work and the infarct. The Fund now questions whether the doctor's testimony meets the test of an opinion expressed to a reasonable medical certainty. In our opinion it does and fits the analysis set forth in Micucci v. Industrial Commission of Arizona, 108 Ariz. 194, 494 P.2d 1324 (1972).

At the oral argument the Fund raised the problem of medical testimony based upon a file review urging the cases of Rutledge v. Industrial Commission of Arizona, 108 Ariz. 61, 492 P.2d 1168 (1972); Condon v. Industrial Commission of Arizona, 108 Ariz. 65, 492 P.2d 1172

(1972); and Pais v. Industrial Commission of Arizona, 108 Ariz. 68, 492 P.2d 1175 (1972). The doctor having been called by the Fund, we are not impressed. We also find an absence of infirmities in the doctor's testimony.

There were disputed questions of fact which were resolved in favor of the employee and these were based upon adequate evidence.

The award is affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.