546 P.2d 801

**STATE COMPENSATION FUND and Elster's, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Hector Hernandez, Respondent Employee.**

**No. 12169–PR.**

Supreme Court of Arizona, In Banc.

Feb. 18, 1976.

Robert K. Park, Chief Counsel, State Compensation Fund, by Courtney L. Varner, Phoenix, for petitioners.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., by Greg L. Folger, Phoenix, for respondent.

Meadow, Nastro & Thrasher by R. Y. Thrasher, Phoenix, for respondent employee.

STRUCKMEYER, Vice Chief Justice.

This writ of certiorari was brought by the State Compensation Fund and Elster's to review an order of the Industrial Commission reopening a claim. The Court of Appeals set the order aside, 23 Ariz.App. 505, 534 P.2d 436. We accepted review. Opinion of the Court of Appeals vacated. Order of the Industrial Commission is affirmed.

In March of 1971, the respondent, Hector Hernandez, suffered an industrial back injury. In June of 1972, the Industrial Commission found that he had sustained no permanent disability and this award became final. In December of 1973, respondent filed a petition to reopen, pursuant to A.R.S. § 23–1061(H). A hearing was thereafter held which resulted in an order granting the reopening. This was affirmed by the Commission, and this appeal followed.

■ An appellate court will uphold an award of the Industrial Commission if it is reasonably supported by the evidence. *Rutledge v. Industrial Commission,* 108 Ariz. 61, 492 P.2d 1168 (1972). The evidence will be considered by the appellate court in the light most favorable to sustaining the award. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972).

■ After Hernandez' claim was closed by the award of 1972, he returned to work until October of 1973, when he was forced to stop working because of severe pains in the vicinity of his industrial injury. At the hearing to reopen the claim, the hearing officer found it was reasonable to infer from the evidence that Hernandez' physical complaint was in the nature of a condition referable to the industrial episode of March 1971. This was predicated on the testimony of Dr. Kent Pomeroy, as follows:

"Q. My question, Dr. Pomeroy, have you concluded whether Mr. Hernandez has or has not—forgetting for the moment the percentage—whether he does have a permanent functional disability relative to that low back area and the leg?

A. Yes, I think he has a permanent impairment, a physical disability.

Q. Assuming the accuracy of the history he has given you, do you have an opinion as to whether the industrial accident of March 24, 1971 is a contributing cause to that disability?

A. Yes."

The hearing officer correctly stated at the hearing:

"We are not getting into a permanent disability situation in this hearing. I want you to clearly understand that. This is a reopening, and I don't think we can get into the matter of whether the Applicant has or has not a permanent disability. He is either entitled to have his claim reopened on the basis of his having new and additional disability in his condition or not, and that is as far as we go in this hearing, * * *."

The order was reasonably supported by the evidence and it is accordingly affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.