**Robert VAN HORN**

v.

**HILLCREST FOODS, INC. and Royal-Globe Insurance Companies.**

Supreme Judicial Court of Maine.

Oct. 19, 1978.

---

Berman, Berman & Simmons by Jack H. Simmons (orally), Paul F. Macri, Lewiston, for plaintiff.

Robinson, Hunt & Kriger by Sarah M. Allison (orally), Portland, for defendant.

Before McKUSICK, C. J., and ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

In this workers' compensation case, employer Hillcrest Foods, Inc. (Hillcrest) and its insurance carrier, Royal-Globe Insurance Companies, appeal from a Superior Court pro forma decree dismissing the employer's petition for review of the employee's incapacity. The Industrial Accident Commission [1] dismissed the petition for review without hearing any medical evidence on the ground that the only two doctors tendered as witnesses on behalf of the employer were not qualified to give opinions concerning the alleged change in the employee's physical condition since the original award of compensation for total disability. The appellants contend this *in limine* dismissal was error. We agree that the employer's doctors should have been permitted to testify, and we therefore sustain the appeal and remand for a hearing on the employer's petition for review.

---

1. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L.1978, ch. 612.

*Facts of the Case*

On December 30, 1974, employee Robert Van Horn suffered a back injury in the course of his employment by Hillcrest. The employer agreed to pay Van Horn compensation for his injury, and that agreement was approved by the Industrial Accident Commission. Later Van Horn filed a petition for further compensation and succeeded in obtaining a commission decree, issued on November 12, 1975, allowing him compensation for a 100% disability dating from July 14, 1975. In that proceeding, Van Horn relied on the medical testimony of Dr. Victor Parisien to establish his complete disability.

In December of 1976, Hillcrest filed the petition for review of incapacity that is the subject of this appeal. Two hearings were held on that petition. At the first hearing the commissioner discovered that Hillcrest's medical experts, Drs. Egan and Greene, had no first-hand knowledge of Van Horn's physical condition on November 12, 1975, the date of the prior commission decree finding the employee fully disabled. The doctors further conceded they had not reviewed the prior commission decree or the medical reports on Van Horn's condition at the time of that decree. The commissioner granted a continuance in order that the employer's doctors might familiarize themselves with the previous medical findings which, the employer asserted, no longer represented Van Horn's physical condition.

At the second hearing on December 20, 1977, Van Horn's counsel conducted a voir dire of Drs. Egan and Greene in order to determine whether they were qualified to give their opinions regarding a change in the employee's physical condition. First addressing Dr. Greene, counsel asked, "[I]s it a fact that you are unable to state an opinion" regarding a change in Van Horn's physical condition since November 12, 1975. Dr. Greene responded, "I don't know what his condition was on that date." Counsel followed this reply with the observation: "So you have no opinion, is that correct?", to which Dr. Greene replied, "I guess not." Similarly, Dr. Egan was asked to confirm

that "the same is true of you, is it not, that you don't have an opinion as to his condition on November 12, 1975?" Egan answered, "Yes, I didn't see him until 1977."

Hillcrest's counsel then informed the commissioner that the doctors had read Dr. Parisien's medical reports which had provided the foundation for the November 12, 1975 decree. Although Hillcrest's counsel tried to make a more complete offer of proof concerning the testimony of Drs. Egan and Greene, the hearing degenerated into an unseemly exchange, of which we suspect all participants are now less than proud. With evident exasperation the commissioner summarily terminated the hearing by dismissing Hillcrest's petition.

*Medical Proof of Change of Condition*

■ "A petition for review of incapacity addresses itself to change of circumstances since the time of the earlier determination . . . of the employee's disability . . . ." *Dufault v. Midland-Ross of Canada, Ltd.,* Me., 380 A.2d 200, 203 (1977). The employer who petitions for review of incapacity bears the burden of proving that the employee has regained some work capacity. *Dailey v. Pinecap, Inc.,* Me., 321 A.2d 492 (1974).

■ A claim of changed condition can be established only by adducing expert medical testimony which "bear[s] directly upon the comparison between his former and his present disability." 3 Larson, *Workmen's Compensation Law* ch. XV, § 81, p. 470 (1976). While comparative medical evidence is required, it is not necessary that the comparison be made by a single physician who has personally examined the employee both at the time of the earlier decree and at the time of the hearing on petition for review. It is entirely appropriate for a doctor who has recently examined the employee to acquaint himself with the employee's previous condition by reviewing the medical reports made by other physicians. It is not necessary that the second physician personally agree with the findings or evaluations of the first physician. If the second physician is asked to

assume, hypothetically, the validity of the findings of the prior examining physician, he may then give his opinion as to whether or not a change in condition has occurred, based on that assumption.

One authority succinctly summarized the correct rule [2] as follows:

"[O]ne of the strongest kinds of evidence is of course the testimony of a doctor who has examined the claimant and evaluated his disability at both relevant times in the comparison. But except in special cases such as relative degree of disfigurement, it is not mandatory that the doctor testifying for a change in condition have personally examined the claimant at the time of the first award. His opinions may be based on proper hypothetical questions . . . ." 3 Larson, *Workmen's Compensation Law* ch. XV, § 81.33, p. 524 (1976).

*See also State Compensation Fund v. Industrial Commission of Arizona,* 113 Ariz. 65, 546 P.2d 801 (1976); *American Mutual Liabilities Insurance Co. v. Grimes,* 100 Ga. App. 51, 109 S.E.2d 837 (1959); *Florek v. Board of Education,* 18 N.J.Super. 425, 87 A.2d 381 (1952); *Ryan v. Grinnell Corp.,* R.I., 362 A.2d 127 (1976).

2. If we were to adopt the contrary rule, that only the same doctor who previously examined the employee can later, upon reexamination, testify as to a change in condition, then petitions for review of incapacity would be unresolvable on medical testimony in those situations where the physician who initially examined the employee dies or is otherwise unavailable.

3. The voir dire by Van Horn's counsel consisted entirely of the following:

"Q Dr. Greene, is it a fact that you are unable to state an opinion within reasonable medical probabilities that the condition for which you are prepared to testify which you find Mr. Van Horn to be in is any different than it was on November 12, 1975?
"A I don't know what his condition was on that date.
"Q So you have no opinion, is that correct?
"A I guess not.
"Q And Doctor Egan, just on voir dire, the same is true of you, is it not, that you don't have an opinion as to his condition as of November 12, 1975?
"A Yes, I didn't see him until 1977.

In the case at bar, the voir dire examination of Drs. Egan and Greene revealed merely that they had no personal opinion of their own regarding Van Horn's previous condition, since they had not personally examined Van Horn until a time well after the November 12, 1975 decree. The voir dire did not establish that they were still unfamiliar with Dr. Parisien's findings. Any such reading of the voir dire is inconsistent with the whole purpose for continuing the first hearing; and it is directly contradicted by the specific representation made by Hillcrest's counsel to the commissioner. The cautious tenor of the doctors' testimony may reflect simply a legitimate concern for their own professional reputations and a desire not to mislead the commissioner into thinking that they had any personal knowledge of Van Horn's previous condition or that they were willing to vouch for the accuracy of Dr. Parisien's previous findings.[3] But they were not required to adopt Dr. Parisien's diagnosis as their own. They were entitled to give their opinions on a change of condition in response to a hypothetical question based on the assumption that Dr. Parisien's assessment was correct.[4]

"Q So that you are not prepared to give an opinion within reasonable medical probability that his condition has changed from that which it was on November 12, 1975?
"A That is correct."

4. Hillcrest's counsel argues that since the commissioner hearing its petition for review had also presided at the earlier 1975 proceeding at which Van Horn was found to be 100% disabled, the commissioner could compare the testimony of Drs. Egan and Greene concerning Van Horn's existing condition with his own previous findings of fact made two years earlier.

We are aware that one appellate decision does approve of such a procedure, *Universal Cyclops v. Workmen's Comp. App. Bd.,* 22 Pa. Cmwlth. 92, 348 A.2d 158 (1975), but we view the *Cyclops* decision as unwise. The commissioners are not themselves medical experts. To require a commissioner to compare his findings, based on his own understanding of the medical testimony given in a prior proceeding, with the current testimony of different doctors, requires that the commissioner act as a fulcrum point, attempting to interpret and integrate the testimony of two different medical

The employer should have been permitted to present the testimony of its medical experts. Accordingly, we must remand this case to the commission to permit the employer to obtain a decision on the merits of its contention that Van Horn has regained some work capacity. Because the medical evidence may have grown stale during the pendency of this appeal, the employer should be accorded the opportunity to have further medical examinations of the employee.

The entry must be:

Appeal sustained;

Pro forma decree of the Superior Court vacated;

Remanded to the Workers' Compensation Commission for reinstatement of employer's petition for review of employee's incapacity and for further proceedings consistent with this opinion; and

It is further ordered that the employer pay to the employee an allowance of $550 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

POMEROY and WERNICK, JJ., did not sit.

experts. It is a sounder practice to have that comparison made by a physician, who is better able to compare another physician's earlier observations with his own. The later physician's opinion as to the intervening change can be tested through cross-examination in a way that the conclusion of a commissioner making the comparison himself obviously could not be. The physician's opinion as to change can also be met on rebuttal by evidence of the same type and, where available, by the testimony of the same doctor who made the earlier examination.