## Gordon CLARK

v.

## EDWARDS MANUFACTURING CO. and the Travelers Insurance Co.

Supreme Judicial Court of Maine.

Jan. 31, 1979.

Bourget & O'Donnell by Joseph M. O'Donnell (orally), Norman C. Bourget, Augusta, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Phillip E. Johnson (orally), Augusta, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Employer Edwards Manufacturing Co. appeals from a pro forma decree of the Superior Court affirming an order of the Workers' Compensation Commission dismissing employer's petition for review of incapacity. Employee Gordon Clark cross-appeals. We sustain the appeal, dismiss the cross-appeal, and remand for further findings.

On December 28, 1976, Clark sustained a work-related back injury. The employer agreed to pay Clark compensation for total loss of earning capacity, and that agreement was approved by the Commission. On July 27, 1977, the employer filed a petition for review of incapacity claiming that Clark's incapacity had diminished or ended. Two hearings were held.

At the first hearing, on February 28, 1978, Dr. Julius Ciembroniewicz, who was a neurologist and the employee's treating physician, testified that, at his direction, Clark had been hospitalized in January of 1978 because of recurrence of low back pain. No definite diagnosis was made during the period of hospitalization, and the results of a myelogram were inconclusive. The doctor testified that employee Clark was restricted in his ability to stoop, in repetitive lifting of weights, and in all situations requiring excessive movement, but that he could perform light tasks within those restrictions.

Clark testified at a second hearing, held on April 25, 1978. He stated that he continued to suffer pain in his back and legs, that he had difficulty in bending over, and that he was not able to walk far without pain. Clark also related that he had returned to work on September 15, 1977, as a weaver but had stopped on November 10, 1977, because of pain. In reply to the commissioner's question why he had not looked for light work, Clark said that there was "nowhere to look" and that it was hard to get a job when it is painful to walk.

The commissioner found that Clark had "a severely restricted working capacity" but did not use reasonable efforts to obtain employment "within the tolerance of his physical condition." The commissioner then applied dictum from *Foster v. Bath Iron Works Corporation*, Me., 317 A.2d 11, 15 (1974), concluding as follows:

"The Commission further finds that Mr. Clark's disability is of such a nature that this Commission infers that his physical limitation, considered in conjunction with his other qualificational limitations are now such that he could not perform any substantial remunerative work. In such a case, the employee would have no duty to present evidence that he sought 'light work' and had failed to obtain any. *Foster v. Bath Iron Works Corp. . ..*"

In *Crocker v. Eastland Woolen Mill, Inc.*, Me., 392 A.2d 32 (1978), decided after the commissioner's decree in the present case, we repudiated the *Foster* dictum. *Crocker* squarely held that once the employer establishes that an employee has some earning

capacity the employee must then show that he has made reasonable efforts to obtain employment. In determining whether the employee's work search efforts are reasonable, the commissioner must consider the "qualificational limitations" of the employee as well as the conditions of the local job market. *Crocker, supra*, at 36 n. 8.

The employer's appeal must therefore be sustained.

 The employee has cross-appealed, alleging that the employer did not meet its burden of proving that Clark has regained some earning capacity. The employer was required to establish, by comparative medical testimony, that since the time the approved agreement for total incapacity was executed, Clark's condition of total incapacity had diminished or ended. *Van Horn v. Hillcrest Foods, Inc.*, Me., 392 A.2d 52 (1978); *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200 (1977).

The commissioner made no express finding concerning change of medical condition. It could be argued that a finding that Clark's condition had changed is implicit in the commissioner's reliance on *Foster v. Bath Iron Works Corporation, supra*. However, it is also possible that the commissioner concluded, without considering whether the employer had satisfied its burden of proof, that dismissal of the petition was warranted under *Foster*. This Court should not speculate as to the commissioner's resolution of a disputed critical question of fact. *Cayton v. National Sea Products*, Me., 373 A.2d 1229 (1977). Accordingly, we order a remand to the Commission for the necessary factual determination. Since the basis of the employee's cross-appeal is that there was no competent evidence to support a finding which was not made, we dismiss the cross-appeal as premature.

The entry is:

Appeal sustained.

Cross-appeal dismissed.

Pro forma decree of the Superior Court vacated.

Remanded with direction to remand to the Workers' Compensation Commission for further proceedings consistent with this opinion.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and DELAHANTY, J., did not sit.