Chester W. **MERRIFIELD**

v.

**HANNAFORD BROS. COMPANY** and **Employers' Fire Insurance Company.**

Supreme Judicial Court of Maine.

Jan. 18, 1980.

Preti, Flaherty & Beliveau by Keith A. Powers (orally), Robert E. Burns, Portland, for plaintiff.

Norman & Hanson by Stephen Hessert (orally), Robert F. Hanson, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY and GLASSMAN, JJ., and DUFRESNE, A. R. J.

MEMORANDUM OF DECISION.

On May 6, 1977, the appellee, Chester W. Merrifield, suffered a back injury arising out of and in the course of his employment with the appellant, Hannaford Bros. Company. The employee received compensation for total incapacity under an approved agreement with his employer and its insurance carrier. On August 5, 1977, the employer and the insurance carrier petitioned the Workers' Compensation Commission for a review of incapacity. Following hearing, the Commissioner denied this petition, finding that the employer and the insurance carrier had failed to sustain the requisite burden of showing that the incapacity of the employee had diminished or ended. From a pro forma decree entered by the Superior Court, Cumberland County, the employer and the insurance carrier have

seasonably appealed, arguing that the evidence does not support the ruling of the Commissioner. We affirm the judgment.

 A petition for review of incapacity under 39 M.R.S.A. § 100 seeks to establish that a change of circumstances has occurred since the time of the earlier determination of the employee's disability by Commission decree or approved agreement. *Dufault v. Midland-Ross of Canada, Ltd.,* Me., 380 A.2d 200, 203 (1977). "The employer who petitions for review of incapacity bears the burden of proving that the employee has regained some work capacity." *Van Horn v. Hillcrest Foods, Inc.,* Me., 392 A.2d 52, 54 (1978). It is clear from our review of the record in this case that the evidence fully supports the conclusion of the Commissioner that the employer and the insurance carrier have failed to show a diminution of the employee's incapacity.

The entry is:

Appeal denied. ·

Judgment affirmed.

It is ordered that the appellants pay to the appellee an allowance of $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

NICHOLS, J., did not sit.

DUFRESNE, A. R. J., sat by assignment.