666 P.2d 465

UNIVERSITY OF ARIZONA, Petitioner Employer,

State Compensation Fund, Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Margarita Enriquez, Respondent Employee.

No. 16501–PR.

Supreme Court of Arizona, In Banc.

June 16, 1983.
Rehearing Denied July 19, 1983.

Robert K. Parks, Chief Counsel, State Compensation Fund, Phoenix by Smith Michael, Tucson, for petitioner employer and petitioner carrier.

James A. Overholt, Acting Chief Counsel, Phoenix, Indust. Com'n of Ariz., for respondent.

Gilbert Gonzalez, Tucson, for respondent employee.

CAMERON, Justice.

From an award of unscheduled disability benefits rendered by an administrative law judge, the claimant's employer and the State Compensation Fund appealed to the Court of Appeals, Division I, which set aside the award in a memorandum decision filed 8 January 1983. We have jurisdiction pursuant to A.R.S. § 12–120.24.

We granted the claimant's petition for review to determine whether her testimony and the testimony of her former treating physician were sufficiently substantial to sustain an award for an unscheduled disability.

The facts necessary to determine this issue are these. The claimant suffered a knee injury and multiple second-degree burns while working at the University of Arizona in 1977 when the door to a steam table opened, releasing scalding water on the claimant and onto the floor upon which she slipped in attempting to avoid being scalded. After knee surgery and treatment for her burns, she was released from further treatment and returned to her job. On 13 April 1981 the carrier filed a notice of claim status closing the case with a permanent scheduled left leg disability based upon an eight percent permanent functional impairment of the leg caused by the knee injury. The claimant protested the notice of claim status contending that the continuing pain, itching and discomfort converted the injury from a scheduled injury, A.R.S. § 23–1044(B), to an unscheduled injury pursuant to A.R.S. § 23–1044(C). Hearings were held before the administrative law judge in October and December of 1981.

At the October hearing the claimant testified that the burned areas of her skin blistered and itched intermittently, causing her discomfort and requiring her to leave her assigned work area to rub oil or powder on the affected areas. A specialist in burn treatment, the doctor who attended the claimant during her hospital stay and conducted four follow-up examinations after the claimant's hospital discharge, testified at the December hearing. The doctor testified that although he had not examined claimant for almost four years, that if she had itching and continued problems with blistering then she would have a disability. He was asked:

Q: And do you feel to a medical probability that this would be related to her industrial accident of October 10th?

A: Given these facts, yes sir.

The physician admitted that he was relying in part upon the subjective feelings of the claimant:

* * * When you're dealing with a subjective problem such as pain, itching, blistering, it is difficult to ascribe * * *. If an individual tells me he or she is working and is having no problems working, but the itching is uncomfortable, I'd say then, again, subjectively they don't have a disability, however, if another individual with the same burn would say to me that, "I find it difficult to work in a hot environment and cold. It itches me. It bothers me," then I would in that situation have to ascribe a disability rating. It's a very vague area.

In his Decision Upon Hearing, the administrative law judge made the following findings:

4. * * * When advised of the applicant's October 19, 1981 testimony regarding intermittent skin blistering, itching and irritation over the burned areas of her back and leg when exposed to heat, Dr. Fleishman opined to a reasonable degree of medical probability, based on his experience with this and other patients, that the applicant, if credible, had sustained a 1% to 2% permanent functional disability

as a result of the burns sustained on October 10, 1977.

5. * * * After carefully observing the demeanor of the applicant while testifying, the undersigned finds credible her sworn averments of continuing intermittent pain in her left knee, and continuing intermittent skin blistering, irritation and itching over areas burned on October 10, 1977 when she is exposed to heat.

The administrative law judge found that the continued intermittent skin blistering, irritation, and itching constituted an unscheduled permanent partial disability. Though the rule is that the findings of an administrative law judge are binding if reasonably supported by the evidence, *Micucci v. Industrial Commission,* 108 Ariz. 194, 195, 494 P.2d 1324, 1325 (1972), the Court of Appeals reversed his determination, holding that a physical examination of the claimant was needed to provide an adequate basis for a medical opinion that would support a finding of impairment arising from the burn injury. The court indicated that medical testimony without the benefit of patient examination was insufficient in this case to form the basis of an award. The Court of Appeals set aside the award, and the claimant petitioned this court for review.

The Court of Appeals evidently based its decision on two opinions of this court. In *Rutledge v. Industrial Commission,* 108 Ariz. 61, 492 P.2d 1168 (1972), we held that where a physician had never examined the patient, he was not competent to testify whether the claimant suffered an injury arising out of and in the scope of his employment. In *Rutledge,* the physician had merely reviewed the file at the request of the State Compensation Fund and was allowed to testify over claimant's objection and comment on the testimony of the treating physician. We stated:

It is one thing, in an Industrial Commission matter, for an expert to examine medical records, reports, and (where necessary for a determination of the matter) the petitioner, and then testify on matters peculiarly within his expertise. It is another thing to merely review the Commission's medically incomplete file and comment on the testimony of the examining physician. Such testimony is not substantial. * * * We believe that something more is required before the testimony of the expert can be considered "substantial." *Id.,* 108 Ariz. at 64, 492 P.2d at 1171.

We did not say in *Rutledge,* supra, that a physical examination was always required, only that "there must be something more than a review of the file and comment upon the testimony of previous witnesses." *Id.* The same day we decided *Rutledge* we held in *Condon v. Industrial Commission,* 108 Ariz. 65, 492 P.2d 1172 (1972), that the testimony of a physician who had never examined the claimant would be considered substantial when

* * * neither the petitioner nor the expert had anything to gain by a physical examination of the petitioner. * * * This does not mean, however, that if there is something to be gained by a physical examination of the petitioner, particularly as an aid in diagnosing the present physical condition of the petitioner, the Commission may disregard the testimony of those who have examined the petitioner and base their decision upon a medical expert who has reviewed the file without a physical examination. Under those circumstances, the testimony of the non-examining expert would not be substantial and would not be sufficient to support or create a conflict in the medical testimony. *Id.,* 108 Ariz. at 67–68, 492 P.2d at 1174–75.

In reviewing Industrial Commission matters, the evidence must be viewed in a light most favorable to sustaining the award. *Micucci v. Industrial Commission,* supra, 108 Ariz. at 195, 494 P.2d at 1325 (1972). In the instant case, the treating physician testified that if the claimant's complaints of pain and irritation were taken as true, then to a medical probability this residual impairment was related to the steam table accident. The claimant also testified as to her pain and discomfort, and

the administrative law judge had a chance to observe her demeanor, form an opinion as to her truthfulness, and make a finding as to her credibility.

We do not believe that a new physical examination would have been particularly useful. The doctor had treated the claimant for nearly six months on an in-patient and out-patient basis, and was well acquainted with the medical facts relating to the burned condition of her skin resulting from the accident. He was aware of the claimant's testimony concerning her sensations of pain and irritation. With the exception of the chance observation of an episode of intermittent blistering, the sole advantage of further personal examination would have been for the physician to assess the credibility of the claimant's protestations of discomfort, credibility which the administrative law judge was able to assess. Our Court of Appeals has stated that a:

> respondent's testimony can provide substantiation for [a medical expert's] assumptions about [a] respondent's physical condition. *Phelps Dodge Corp. v. Industrial Commission,* 114 Ariz. 252, 255, 560 P.2d 436, 439 (App.1977).

In the instant case, the administrative law judge had far more evidence on which to rely in making his award than the isolated opinion of a medical expert having no personal familiarity with the history of the claimant's condition. He had the uncontroverted testimony of the claimant as to her symptoms, and the testimony of the claimant's treating physician, an expert in burns and their aftereffects, on which to rely in making his determination of residual impairment. We find this to be substantial medical evidence reasonably supporting his award. The memorandum decision of the Court of Appeals is vacated.

Award affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.