NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN BOWMAN, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

WESTERN AG ENTP, *Respondent Employer,*

CHARTER OAK FIRE INSURANCE CO, *Respondent Carrier.*

No. 1 CA-IC 21-0013
FILED 11-9-2021

Special Action - Industrial Commission
ICA Claim No. 20191-330893
Carrier Claim No. WC608-D98057
The Honorable Michelle Bodi, Administrative Law Judge

**AFFIRMED**

COUNSEL

John Bowman, Lakeside
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By Lisa M. LaMont
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1        John Bowman challenges an Industrial Commission of Arizona ("ICA") award finding that his work-related back injury is stationary, with no permanent impairment and no need for supportive care. He argues the administrative law judge ("ALJ") erred by finding the opinion of a doctor who performed an Independent Medical Examination ("IME") more credible than that of his treating chiropractor. Because reasonable evidence supports the award, we affirm.

**BACKGROUND**

¶2        For more than seven years, Bowman worked for Western AG Enterprises installing large tarps as liners for reservoirs. The tarps are made of thick material that needs to be pulled and stretched over the bottom of the reservoirs to help them retain water. In April 2019, Bowman was involved in a particularly difficult installation due to windy conditions. He reported that he lost his grip on the material and fell backward onto his back at least four times during the installation, injuring his hand, shoulder, and back.

¶3        New Hampshire Insurance Company accepted Bowman's workers' compensation claim for all three injuries, and he received treatment. His treatment prioritized his hand and shoulder injuries over his back injury, but his back was treated with conservative therapies starting in June 2019. Bowman returned to light-duty work with restrictions in December 2019. In June 2020, he began seeing Thomas Blankenbaker, D.C., who diagnosed two small fractures in Bowman's spine based on a March 2020 MRI. Dr. Blankenbaker provided extensive treatment (51 visits over five months) in a "spinal rehabilitation program"

2

until he believed that Bowman was stable and stationary in late October 2020.

¶4            Based on the results of an IME performed by Dr. Jason Datta in November 2019, the carrier issued a notice of claim status, finding Bowman's back condition medically stationary and without permanent impairment and releasing him to unrestricted work duties related to his back condition.  Bowman challenged that notice and the ICA held an evidentiary hearing focused solely on the status of his back injury.

¶5            Dr. Blankenbaker testified that he observed two fractures on the March 2020 MRI.  He opined that the fractures occurred due to Bowmans' work falls that occurred throughout his employment with Western AG Enterprises.  Dr. Blankenbaker testified that Bowman told him that he had fallen to the ground "thousands of times" on the job. Dr. Blankenbaker explained that the fractures he saw on the MRI were acute injuries, not a degenerative condition, although other aspects of the MRI showed degenerative changes to the spine as well.  He described Bowman's back condition at the time of hearing as stationary but opined that Bowman has a permanent impairment that he roughly estimated to be "around 25 percent whole permanent impairment."  Dr. Blankenbaker recommended supportive care and work restrictions that precluded lifting more than 20 pounds, standing for long periods, twisting, stooping, and bending.

¶6            Dr. Datta, a board-certified orthopedic surgeon specializing in the treatment of the spine, testified about the results of the IME.  He physically examined Bowman and reviewed available medical records related to the back injury.  Dr. Datta did not have access to the March 2020 MRI but reviewed an MRI taken in September 2019, five months after Bowman was injured.  That MRI showed no signs of fracture.  Dr. Datta concluded that Bowman had suffered a lumbar strain that had resolved.  In his opinion, Bowman's back was stationary with no permanent impairment and no supportive care needed.

¶7            The ALJ resolved the medical opinion dispute in favor of Dr. Datta's opinion, concluding that the low back injury portion of Bowman's claim was closed with no permanent impairment.  Bowman's request for administrative review was unsuccessful, and he timely sought review by this court.

### DISCUSSION

¶8            In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law de novo.  *Avila v. Indus.*

*Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). We will affirm an award "if it is reasonably supported by the evidence after reviewing the evidence in a light most favorable to sustaining the award." *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). The ALJ has the primary responsibility to resolve conflicts in medical evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988). "Many factors enter into a resolution of conflicting evidence, including whether or not the testimony is speculative, consideration of the diagnostic method used, qualifications in backgrounds of the expert witnesses and their experience in diagnosing the type of injury incurred." *Id*. We defer to the ALJ's resolution of such evidence and affirm the ALJ's findings if any reasonable theory of the evidence supports them. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

**¶9** Here, the ALJ was presented with two opposing medical opinions about the nature and extent of Bowman's back injury. The conclusion that Dr. Datta's testimony was more credible is reasonably supported by the record, especially given the absence of any evidence of fractures in the MRI taken closest to the injury. Although Bowman argues the ALJ should have followed Dr. Blankenbaker's opinion, the ALJ was not compelled to do so by the evidence, and we will not disturb her resolution of the conflict. Where two different inferences may be drawn from the evidence, the ALJ has the discretion to resolve those conflicts and choose either inference; a reviewing court will not disturb that choice unless it is wholly unreasonable. *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965).

**CONCLUSION**

**¶10** We affirm the Award.



AMY M. WOOD • Clerk of the Court
FILED: AA